## Joseph B. Comstock v. Alfred Comstock and another.

*Foreclosure bill: Allegation to affect prior rights: Prior or subsequent incumbrancer: Disclaimer.* The general allegation in a foreclosure bill that a defendant " has, or claims to have, rights and interests in the mortgaged premises, as subsequent purchaser, incumbrancer, or otherwise," is not sufficient to put in issue any right of such defendant, which he holds paramount to the mortgage. In such a case a,disclaimer is all that is necessary to protect the rights of such defendant.

*Foreclosure suit: Decree: Parties.* A decree in a foreclosure suit that the priority of right, between a defendant, claiming under a deed alleged by him to be par-amount to the mortgage, and the mortgagee, shall not be determined by such decree, is in effect a dismissal of the bill as to such defendant.

*Costs in equity.* In a case where a defendant to a bill in equity answered when he might have disclaimed, and testimony on both sides was unnecessarily taken, and the court in effect dismisses the bill as to such defendant, without costs, and he appeals, this court, if satisfied with the effect of the decree, will not interfere with the exercise of the discretion of the court below in awarding costs.

*Heard October 81. Decided November 1.*

Appeal in Chancery from St. Clair Circuit.

The bill in this case was filed by Joseph B. Comstock, in the circuit court for the county of St. Clair, in chancery, to foreclose a mortgage given by Alfred Comstock, to the complainant. Andrew W. Comstock was made a party defendant, his interest being alleged only in the general

form, usual in foreclosure bills, as having, or claiming to have, rights and interests in the premises described in the mortgage, or in some part or parts thereof, as subsequent purchaser or encumbrancer, or otherwise. As against Alfred Comstock, the mortgagor, the bill was taken as confessed. Andrew W. Comstock answered, claiming title to the premises by a valid deed recorded without knowledge of the mortgage, and setting forth in detail, his title. Proofs were taken, and the cause was heard upon pleadings and proofs. The decree was for a foreclosure and sale in the usual form, except as to the right of Andrew W. Comstock, and as to that, the decree provides:

" A proviso of this order and decree being that nothing herein contained shall be construed to bar the defendant, Andrew W. Comstock, from an action at law to test his title to said premises by virtue of his alleged priority of record of title ; it being intended by this decree, as to the defendant, Andrew W. Comstock, to bar his equity of redemption, but not to determine whether his title is, or is not, paramount to the mortgage."

From this decree Andrew W. Comstock appeals to this court.

*Cyrus Miles, W. T. Mitchell,* and *F. H. Canfield,* for complainant.

*John Atkinson,* for defendants.

PER CURIAM.

The parties went to a hearing in the court below on pleadings and proofs; the point chiefly in controversy being, whether a deed to Andrew W. Comstock, was a subsequent conveyance in law to the mortgage of complainant. The circuit judge did not pass upon this question,

but expressly provided in the decree of foreclosure which he made, that the priority of right between the deed and mortgage was not determined thereby.

Andrew W. Comstock appeals, claiming that as his deed was actually recorded before the mortgage, he could not properly have been made a defendant to the foreclosure, without special allegations in the bill showing why he should be postponed, and as the bill contained none such, he contends that it should have been dismissed as to him, with costs.

There is no doubt the bill was defective in the particular mentioned; but it contained a clause in the charging part, intended, evidently, to put in issue the *bona fides* of this deed ; and the parties went into evidence, and incurred considerable expense in establishing their sides respectively of the controversy. The decree in effect, though not in terms, is a dismissal of the bill as to the defendant, Andrew W. Comstock, without prejudice to the rights of parties either at law or in equity, but it awards no costs either for or against him.

Costs in equity are in the discretion of the court, and its discretion should not be interfered with, unless for good cause. We think there were some reasons for denying this defendant costs under the circumstances. The general allegation that he was a subsequent purchaser, or encumbrancer, not being sufficient to warrant any investigation of the question whether his deed should not be postponed to the mortgage, a disclaimer by him of being such subsequent purchaser or encumbrancer, would have saved his rights, and also saved the expense of much testimony. Instead of that, he made an issue of fact, upon which both parties have taken evidence, doubtless in good faith. The circuit judge, therefore, had a case presented to him in which each party had put in unsuitable or defective pleadings, and probably regarding both as equally in fault, he declined to

COMSTOCK *v.* COMSTOCK.

give costs to either as against the other. We think, as all rights are properly protected by the decree, we ought not to disturb it on this ground alone; and it is affirmed, but without costs.