SHAFER *v.* THOMPSON.

EQUITY PLEADING—MORTGAGE FORECLOSURE—DEFENSES.

The defense that one who is made a party defendant in a bill to foreclose a mortgage, as claiming to have an interest in the mortgaged premises as "subsequent purchaser, incumbrancer, or otherwise," claims title in fee by virtue of a tax deed, may be set up by plea as well as by filing a disclaimer.

Appeal from Montcalm; Davis, J. Submitted April 10, 1896. Decided May 26, 1896.

Bill by William F. Shafer against Thomas W. Thompson, Libby Thompson, and William F. Soule to foreclose a mortgage. From a decree dismissing the bill as to defendant Soule, complainant appeals. Affirmed.

*John T. McCurdy,* for complainant.

*McGarry & Nichols* and *M. A. Nichols,* for defendant Soule.

MOORE, J. Complainant filed a bill to foreclose a mortgage given by defendants Thompson and Thompson, and alleged in his bill that defendant Soule has, or claims to have, rights and interests in the premises described in the mortgage as subsequent purchaser or incumbrancer or otherwise. Soule entered his appearance, and filed a plea, in which he claimed he was in possession of the premises described in the mortgage as owner in fee simple by virtue of a tax deed, describing the deed. No replication was filed. The plea was heard. The court made an order dismissing the bill as to defendant Soule, from which complainant appeals. Counsel for both parties are agreed that the rights of defendant Soule under his tax title cannot be litigated in this foreclosure suit; the only difference

between them being that the solicitors for defendant Soule insist that it was proper to file a plea just as they did in this case, while the solicitor for complainant insists that the solicitors for Soule should have filed a disclaimer,—citing *Comstock* v. *Comstock*, 24 Mich. 39.

We have no doubt the interest of defendant Soule would have been protected by filing a disclaimer. May he not accomplish the same object by filing a plea? The complainant did not file a replication, so that the truth of the plea is not at issue (*Hurlbut* v. *Britain*, Walk. Ch. 454), but its sufficiency. Puterbaugh's Michigan Chancery Practice, 100, says: " The true office of a plea is to save to the parties the expense of an examination of the witnesses at large, and the defense proper for such a plea is such as reduces the cause, or some part of it, to a single point, and from thence creates a bar or other obstruction to the suit;" and at page 103 it is said that "pleas in bar are usually divided into three heads." Under the third head is mentioned, "pleas of matters *in pais,* to which belong the plea of a stated account,  *  *  *  and of title in defendant, obtained either by adverse possession for a length of time or by deed or will."  In this case it was a plea of title in defendant by virtue of a tax deed.

We think the action of the circuit judge in dismissing the bill as to defendant Soule was right.

The decree is affirmed, with costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.