CARTWRIGHT v. JOHNSTON.

EQUITY PRACTICE—DISCONTINUANCE—CROSS-BILL.

A consent decree adjusting and determining the rights of adverse claimants in and to a judgment upon an insurance policy operates as a discontinuance of the suit as to the company, which was made a nominal party defendant, so that it cannot thereafter file a cross-bill therein.

Appeal from Wayne; Carpenter, J. Submitted June 18, 1896. Decided July 21, 1896.

Bill by William W. Cartwright and another against Cyrus Johnston and the Farmers' Fire Insurance Company of York, Pa., for an accounting and an injunction. The defendant company filed a cross-bill, which was dismissed on demurrers interposed by the complainants and by defendant Johnston, and the company appeals. Affirmed.

After the affirmance of *Johnston* v. *Farmers' Fire Ins. Co.*, 106 Mich. 96, there was a delay in collecting the judgment. After some time the complainants sued Johnston at law, and garnished the defendant company. Still later they filed this bill in chancery, charging conspiracy against Johnston *et al.* to defraud them out of that portion of the judgment which belonged to them. Complainants had assigned their interest in the insurance policy to Johnston for the purpose of collection. When collected, one-fourth thereof was to be paid to complainants, and the other three-fourths applied in payment and discharge of the note and chattel mortgage given by complainants to Dehn, and assigned by Dehn to Johnston. A preliminary injunction was issued, restraining Johnston from collecting the judgment and restraining the defendant company from paying it to him. Johnston answered, and moved to dissolve the injunction. Upon the hearing of the motion, at the suggestion of the court, complainants and Johnston came to an agreement, and, in accordance therewith, a decree was entered fixing the amount of complainants' interest in the judgment, discontinuing the garnishee proceedings, dissolving the injunction, and granting Johnston leave to proceed upon his judgment at law by execution if necessary, according to the usual course of practice, as if no injunction or garnishment had been issued. This decree was entered August 5, 1895. On April 6, 1896, the defendant company filed an amended answer, charging fraud upon Johnston and Dehn in procuring this insurance, exonerating complainants from participation in the fraud, and asking relief as upon a cross-bill, praying that the judgment be set aside. To this cross-bill complainants and Johnston demurred, and the demurrer was sustained.

*William Stacey*, for complainants.

*S. E. Engle*, for defendant Johnston.

*E. T. Wood* and *Willis G. Clarke*, for appellant.

GRANT, J. (*after stating the facts*). It is unnecessary to state the grounds upon which the defendant company asks relief. It was a nominal party, made necessary only to secure to the complainants the money due them on the judgment. The decree settled the entire controversy between complainants and Johnston. At that time the defendant company had not appeared in the suit. The decree operated as a discontinuance of the chancery suit so far as it concerned the insurance company. The injunction was dissolved, and the company was left to pursue such further remedy as it deemed advisable by independent suit. *Widner* v. *Lane*, 14 Mich. 124; *Comstock* v. *Comstock*, 24 Mich. 39.

The decree is affirmed, with costs.

The other Justices concurred.