## DAVIS *v.* McCAMMAN.

1. EQUITY—PLEA—ARGUMENT—PLEADING.

> Where complainant's bill to vacate certain proceedings in probate court for fraud was amended, and defendant filed a plea alleging that the issues were tried and determined in probate court, and that complainants had notice and appeared by counsel, the bill was properly dismissed at the argument of the legal questions presented by the plea, on which complainants did not take issue.

2. FRAUD — ASSIGNABILITY OF CLAIM — EXECUTORS AND ADMINISTRATORS.

> A right to complain of fraudulent conduct of an administrator in filing accounts, and in his conduct in the matters of the estate, is not assignable.

3. PROBATE COURT—JURISDICTION OF EQUITY.

> Where complainants lost, by failure to act seasonably, their opportunity to prosecute their rights in probate court, chancery does not obtain jurisdiction to set aside the orders made.

Appeal from Eaton; Smith, J. Submitted November 22, 1911. (Docket No. 161.) Decided March 12, 1912.

Bill by Charles J. Davis and another against James R. McCamman, as administrator of the estate of Malvina R. McCamman, deceased, and another, for an accounting and other relief. From a decree sustaining a plea to complainants' amended bill, complainants appeal. Affirmed.

*Samuel H. Davis* ( *O. H. Reed*, of counsel), for appellants.

*Horace S. Maynard*, for appellees.

STEERE, J. On March 31, 1911, an opinion was rendered in this court in the above-entitled suit sustaining a decree of the circuit court of Eaton county dismissing complainants' bill.

Following that decision, complainants again filed substantially the same bill of complaint, adding, however, certain allegations of due diligence after discovery of fraud complained of, lack of notice, and other matters of like nature, framed to comply with suggestions found in the last paragraph of the opinion referred to. Said opinion, reported in 165 Mich. 287 (130 N. W. 691), sufficiently states the nature of the controversy, which need not be repeated at length here. Defendants filed substantially the same demurrer and plea as before. The plea was set down for argument, and on the hearing the circuit court allowed the plea and dismissed complainants' bill, holding that the amendments to the same in no way strengthened complainants' former claim. The matter is now again before this court for review.

Defendants' plea is duly sworn to, and properly certified, as required by Chancery Rule 8. No issue having been taken thereon, the only question involved is its legal sufficiency as against complainants' bill. *Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368 (66 N. W. 471); *Shafer* v. *Thompson*, 109 Mich. 406 (67 N. W. 511); *Hurlbut* v. *Britain*, Walk. Ch. (Mich.) 455. The bill was filed to set aside certain orders and decrees made by the probate court of Eaton county in the matter of the estate of Malvina R. McCamman, deceased, and to obtain a trial of matters relating to the management of said estate. It asks an accounting by defendant McCamman as administrator, charges him with concealing assets and rendering false accounts in fraud of complainants' rights, prays that he be required to deliver up certain properties, and pay over certain moneys of the estate fraudulently appropriated by him. The right to apply to a court of chancery is based on the claim of fraud and concealment of the fraud until it is too late to appeal or obtain reopening of the orders and decrees in the probate court. The plea sets out in detail the many proceedings had in the probate court, shows that each and every matter complained of was before that court, heard, tried, and deter-

mined by it, that complainants had due notice and knowledge thereof, and were represented by counsel in every step of said proceedings. The record shows that administration of the estate of Malvina R. McCamman was begun in the probate court of Eaton county in March, 1901, and is still pending in said court.

On September 10, 1909, complainant Mary A. Lindsay Smith, by proper indenture, transferred her entire interest in the estate to complainant Davis. He appears to be relying on claims of fraud committed against his assignor. She, though a nominal party to the suit, has no real interest in it. He cannot avail himself of any fraud practiced on her. A right to complain of fraud is not an assignable commodity. *Brush* v. *Sweet,* 38 Mich. 574; *Dickinson* v. *Seaver,* 44 Mich. 624 (7 N. W. 182).

As the case presents itself by the record, complainants are seeking an opportunity to retry issues which were tried in the probate court and determined against them, relating to matters within the jurisdiction of said court and in which equity has no power of interference except where, by fraud or mistake, unusual conditions preclude an adequate remedy in the probate court in the first instance. The plea is to be taken as true under the rules of pleading. The bill and plea taken together disclose the case in all vital essentials to be the same and no stronger than when formerly before this court. It was there said:

"The record shows that the probate proceedings were regular. The bill does not successfully impeach them for fraud."

As was said in *Winegar* v. *Newland,* 44 Mich. 369 (6 N. W. 842):

"It is not perceived that any ground is set forth here for equitable cognizance. Complainant's remedy, if not lost by neglect to take steps in season, is in the court of probate. And, if it has become impracticable to prosecute redress in that forum by reason of having failed to move seasonably, it neither widens the scope of equity nor gives him any title to proceed in chancery."

We think the circuit judge was correct in his conclusion that the case did not justify the intervention of a court of equity, and that he properly dismissed the bill of complaint.

The decree is affirmed, with costs.

MOORE, C. J., and MCALVAY, BROOKE, and BLAIR, JJ., concurred.