HANNIBAL G. BROWN, and another, *vs.* J. WAYLAND KIMBALL.

Oxford.    Opinion February 4, 1892.

*Deceit. Evidence. Stat. Frauds. R. S., c. 111, § 3.*

In an action of deceit against a person for verbal misrepresentations of the financial standing of another, made in order to obtain a credit for such other person, such credit having been thereby obtained, the case is not saved from the operation of the statute of frauds by the fact that the defendant also at the same time misrepresented his own financial standing and made certain personal promises that he has not kept.

ON REPORT.

The case appears in the opinion.

*J. P. Swasey and J. S. Wright*, for plaintiffs.

Counsel cited : *Newton* v. *Huxley*, 13 Gray, 285 ; *Medbury* v. *Watson*, 6 Met. 247 ; *Glidden* v. *Child*, 122 Mass. 433.

*Charles F. Libby and George A. Wilson*, for defendant.

PETERS, C. J.  The plaintiffs declare against the defendant in an action of deceit, alleging that the defendant represented that a corporation, styled the J. Wayland Kimball Company, had a cash capital of forty thousand dollars paid in ; that he was himself worth in property eighty thousand dollars ; that the corporation was solvent and able to pay all its indebtedness and was all right ; that these representations were false and known by the defendant to be so ; that they were made by the defendant to induce the plaintiffs to give credit to the corporation ; and that they (the plaintiffs) were induced thereby to give the credit sought for, taking the worthless notes of the corporation instead of money which would otherwise have been paid to them for goods purchased by such corporation.  The representations were oral.  It is also alleged that the defendant was at the time president and general agent of the corporation.

The defendant contends that the action cannot be maintained because the facts alleged bring the case within that section of the statute of frauds (R. S., c. 111, § 3), which provides that "no action shall be maintained to charge any person by reason of any representation or assurance, concerning the character, conduct, credit, ability, trade or dealings of another, unless made in writing, and signed by the party to be charged thereby or some person by him legally authorized."  The defendant duly pleaded the statute in defense.

This section of the statute of frauds applies to cases where the representations are made for the purpose of obtaining a credit for the person in relation to whom the words are spoken. *Hunter* v. *Randall*, 62 Maine, 423.  It is immaterial that the party making the representations has an additional purpose of obtaining an indirect benefit to himself from the transaction. *Mann* v. *Blanchard*, 2 Allen, 386.  Therefore it adds nothing

to the charge that the defendant at the time of the representations was the leading officer of the corporation. In the legal sense he was representing the credit of the corporation for its benefit and not for his own. *McKinney* v. *Whiting*, 8 Allen, 207. And the defendant's objection to the declaration is that it avers that the representation made by the defendant were of another's character and credit and not of his own, and for the benefit of another and not for his own benefit. The case shows that the parties to the action agree to rely upon the declaration in the writ as a correct statement of the facts relied on by the plaintiffs to sustain their suit.

The plaintiffs, however, contend that they have averred that the defendant made false assertions concerning himself and for his own personal benefit, as contained in a clause of the declaration reading as follows : "And the plaintiffs aver that, further relying upon the correctness and truth of said representations, at the request of the defendant, they were induced to expend and did expend large sums of money, to wit, ten thousand dollars, on the purchase of materials and in labor thereon, which materials, to wit, the wooden work for chairs, the defendant then and there promised to receive when finished and pay the plaintiffs therefor."

We fail to find in these averments anything to prevent an application of the statute of frauds. The pleader is evidently, in this portion of the declaration, enumerating certain indirect injuries caused by the defendant's representations of the good credit and character of the corporation. It is also added that the defendant made certain personal promises. But that allegation is rather out of place in an action of tort for deceit. It does not appear how a representation that the defendant was himself worth eighty thousand dollars can have any effect in the case. The credit was not given to him. The assertion that the company had a paid in capital of forty thousand dollars was merely descriptive of the character and strength of the company.

The action, upon any evidence that would be admissible in support of the declaration, cannot be sustained. *Pl'ff's nonsuit.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.