## HICKS v. STEEL.

1. ASSIGNMENT—CAUSES OF ACTION FOR TORT.

Under Act No. 195, Pub. Acts 1897, providing when an action of assumpsit may be brought for injuries produced by fraudulent representations, an assignee of a State bank, succeeding a national bank, under section 6106, 2 Comp. Laws, may maintain an action for damages alleged to have been sustained by his assignor in consequence of defendant's fraudulent conduct as director of its predecessor.

2. FRAUDS, STATUTE OF—FRAUDULENT REPRESENTATIONS.

An assignee of a bank, alleging that defendant, as director, knowing that certain notes belonging to his father were not collectible and that the makers were not financially responsible, represented that they were good, and the bank, relying on such representations, discounted the notes for such father, cannot recover without evidence that the fraudulent representations were in writing.

3. BANKS AND BANKING—LIABILITY AS DIRECTOR.

Where a bank director was not acting as a director in obtaining discount by the bank of certain notes belonging to his father, he cannot be held liable because he induced or permitted the bank to extend credit to his father in excess of the legal limit fixed by the national banking law (§ 5200, U. S. Rev. Stat.).

Error to Clinton; Stone, J. Submitted October 19, 1905. (Docket No. 87.) Decided December 15, 1905.

Assumpsit by John C. Hicks against George A. Steel to recover damages for fraud and deceit. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*William A. Norton* and *John C. Dooling*, for appellant.

*H. E. & E. L. Walbridge*, for appellee.

BLAIR, J. Plaintiff, as assignee of the Gratiot County State Bank, brought this action against the defendant in the circuit court for the county of Clinton to recover damages alleged to have been sustained by his assignor in consequence of certain fraudulent representations of defendant, and a violation of his duty as a director of its predecessor, the First National Bank of St. Louis, Mich. The declaration alleges, in brief, that at the time of presenting certain notes payable to Robert M. Steel for discount and renewal for his benefit the defendant, being a director of the bank, fraudulently represented the notes and the makers and indorsers thereof to be good and collectible, and that, in violation of his duty as a director of the bank, he procured and permitted the bank to extend credit to said Robert M. Steel in excess of the limit fixed by section 5200 of the national banking law [U. S. Rev. Stat.]. The trial court directed a verdict for the defendant upon the grounds, in brief:

"*First.* A right of action for damages for a naked fraud is not assignable.

"*Second.* The plaintiff can only recover upon such issues as he alleges in his declaration.

"*Third.* The defendent, as an officer of a bank, may deal with his bank in the same manner as any other patron, providing he does not in the transaction attempt to represent or act for the bank.

"*Fourth.* No person can be held liable for representa-

tion as to the credit or financial standing of another person, unless such representations are in writing, signed by the persons sought to be charged thereby."

Plaintiff brings the record to this court for review upon writ of error.

*First.* We think the court was in error in holding that the cause of action in this case was not assignable. The First National Bank of St. Louis was organized in 1884 and continued its business down to July 6, 1897, when it was succeeded by the Gratiot County State Bank, in accordance with the provisions of section 6106, 2 Comp. Laws. Under such circumstances the State bank was substantially the same corporation as the national bank, invested with all its property and possessed of all its rights of action. *First Commercial Bank of Pontiac* v. *Talbert*, 103 Mich. 625; *City Nat. Bank of Poughkeepsie* v. *Phelps*, 97 N. Y. 44.

Act No. 195 of the Public Acts of 1897 (3 Comp. Laws, §§ 10421, 10422), took effect August 30, 1897, and provides that an action of assumpsit may be brought for injuries produced by fraudulent representations or conduct in place of an action on the case for fraud or deceit, and that a promise shall be implied to pay all such damages as arise from such fraud or deceit. The second section of the act provides that the cause of action shall survive. The act, in terms, provides for cases where " an injury has been," as well as to cases where an injury " shall be produced," and, as we have heretofore held, related to causes of action in existence at the time it took effect. *First Nat. Bank of Ovid* v. *Steel*, 136 Mich. 588. The State bank had, as successor of the national bank, a right to bring an action for fraud and deceit against defendant at the time the act took effect, and immediately thereafter it had the right, at its option, to bring an action of assumpsit. As the act provided for the survival of the cause of action, it could be assigned.

*Second.* The trial court construed the declaration as charging that the defendant presented to the national

bank, of which he and his father, Robert M. Steel, were directors, five promissory notes, which were the property of his father, for discount, and that defendant, knowing that the notes were not collectible and the makers and indorsers thereof financially irresponsible, fraudulently represented that the notes were good and the makers and indorsers thereof financially responsible, relying upon which representations the bank discounted the notes for the benefit of Robert M. Steel and accepted renewals thereof. The court further held that there was no evidence of any fraudulent representations *in writing*, as required by the statute of frauds, and therefore plaintiff could not recover therefor, as held by this court in *St. Johns Nat. Bank* v. *Steel*, 135 Mich. 165. Plaintiff's counsel concede that "the declaration as to all but the Mt. Pleasant Lumber & Manufacturing Company note proceeds upon the theory that the notes were the property of Robert M. Steel, and were not the property of George A. Steel;" but they insist that the declaration charges that the property in that note was in George A. Steel, and that as to such note oral representations were sufficient. We find no such distinction made in the declaration, and think the trial judge was correct in his construction of it. We are also of opinion that the trial judge correctly held that there was no evidence of any written representation upon which a verdict would be justified under the declaration. The essence of the allegations in the declaration was that the fraudulent misrepresentations were made with reference to the identical notes and the renewals thereof at the several times when they were discounted by the bank or renewed, and there was no written evidence of such misrepresentations signed by defendant given in evidence or offered in evidence.

*Third.* Testimony was introduced by plaintiff tending to show that defendant made false representations as to the notes to his fellow directors at meetings of the board held on October 23, 1895, and January 17, 1896, when it is claimed that he was acting as a member of the board.

On the contrary, defendant contends that the undisputed testimony discloses that he was not at such times acting as a director with reference to the paper involved in this suit, but as the agent and representative of his father dealing with the bank, and this was the view taken by the trial judge. We have carefully considered the testimony contained in the record, as well as that excluded by the court upon this subject, and have come to the same conclusion as that reached by the circuit judge. Our conclusion that the defendant was not acting as a director in obtaining the discount and renewals of the various notes disposes of the contention that defendant was liable because he induced or permitted the bank to extend credit to Robert M. Steel in excess of the legal limit fixed by section 5200 of the national banking law [U. S. Rev. Stat.]. The declaration is framed upon the theory of the violation by defendant of his duty as a director. So far as this question is concerned, Mr. Chief Justice Fuller, in his opinion in *Briggs* v. *Spaulding*, 141 U. S. 132, 146, quotes with approval 1 Morawetz on Private Corporations, § 556, as follows:

" The liability of directors for damages caused by acts expressly prohibited by the company's charter or act of incorporation is not created by force of the statutory prohibition. The performance of acts which are illegal or prohibited by law may subject the corporation to a forfeiture of its franchises and the directors to criminal liability; but this would not render them civilly liable for damages. The liability of directors to the corporation for damages caused by unauthorized acts rests upon the common-law rule which renders every agent liable who violates his authority, to the damage of his principal. A statutory prohibition is material under these circumstances merely as indicating an express restriction placed upon the powers delegated to the directors when the corporation was formed."

The declaration alleging a violation of defendant's authority as such agent, to the damage of his principal, it was essential to a recovery that he should show such

agency.   This he failed to do. We do not intend to intimate that under a broader declaration a cause of action might not be established by the facts disclosed by this record.   We have considered the assignments of error not herein discussed, and find no errors committed by the trial court.

The judgment is affirmed.

McALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.