## HUMPHREY GAINS, Appellant, v. FRANK MASSEY, Respondent.

Springfield Court of Appeals, May 19, 1915.

I. **STATUTE OF FRAUDS:** Representations as to Another's Credit: When Actionable. Where a bank cashier stated to plaintiff receiving a check from a party which•was drawn on another bank that the check was good, this was a mere rep'

resentation as to the maker's credit, comprehended by Sec. 2785, R. S. 1909, which prohibits an action on any representation as to the credit of another, unless the same be in writing and signed by the party to be charged.

2. **FRAUD: When Action for Will Lie: Representations: Opinion.** A cashier of a bank stated to plaintiff that the bank was indebted to a customer in a sum equal to a check received by such customer from a third party, the check being drawn on another bank and deposited to the customer's credit, the statement being made after the check was deposited. The representation by the cashier was not actionable fraud.

Appeal from Wayne County Circuit Court.—*Hon. E. M. Dearing*, Judge.

AFFIRMED.

*K. C. Spence, Mozley & Woody* for appellant.

(1) This is an action for fraud and deceit, and the Statute of Frauds has no application. Leahy v. Leahy, 11 Mo. App. 413; Turner v. Johnson, 95 Mo. 431, 7 S. W. 570; Phillips v. Jackson, 240 Mo. 310, 144 S. W. 112; Dramschroeder v. Thias, 51 Mo. 100; 20 Cyc. 280 (6); Clark v. Lumber Co., 5 So. 560; Kemp v. Bank, 109 Fed. 48; Stauffer v. Hulwick, 96 N. E. 154. (2) The statements and representations made by defendant to plaintiff were such that, if false, the law will impute to defendant a fraudulent purpose in making them. Hamlin v. Able, 120 Mo. 188, 25 S. W. 516; Gibbons v. Bourland, 145 S. W. 274; Snider v. McAtee, 165 Mo. App. 260, 147 S. W. 136; Gottschalk v. Kircher, 109 Mo. 170, 17 S. W. 905; Bank v. Bank, 59 Fed. 338, 345. (3) The statements and representations made by defendant to plaintiff with reference to the check were made for the purpose of inducing plaintiff to accept the same instead of demanding cash, and were not made for the purpose of inducing plaintiff to extend credit to Drum. The transaction was understood by all the parties to be a cash transaction, and there was no mention of credit to anyone, therefore, the Statute of Frauds

has no application.  20 Cyc. 196 (B) and cases cited;
Walker v. Russell, 186 Mass. 69, 71 N. E. 86; Newman
v. Lyman, 165 S. W. 136; Hubbard v. Oliver, 173 Mich.
337, 139 N. W. 77; Stauffer v. Hulwick, 96 N. E. 154;
Diel v. Kellog, 128 N. W. 420; Bush v. Sprague, 16
N. W. 222; Cottrill v. Crum, 100 Mo. 397, 13 S. W. 753.

*J. B. Daniel* and *Munger & Wise* for respondent.

(1)  The Statute of Frauds precludes a recovery
by plaintiff under the evidence.  The representations
complained of, if made, and although false, were con-
cerning the credit, ability and dealings of Drum.  A
check is only an evidence of debt.  R. S. 1909, sec. 2785;
McKee v. Rudd, 222 Mo. 344; Knight v. Rawlings, 205
Mo. 412.  (2) This being an action at law, actual fraud
must be shown and the burden of showing same is on
the plaintiff.  Before plaintiff is entitled to recover
he must prove the *scienter*.  Peters v. Lohman, 171 Mo.
App. 465; Adams v. Barber, 157 Mo. App. 370, 392;
Snyder v. Stemmons, 151 Mo. App. 156; Lovelace v.
Suter, 93 Mo. App. 429; Dunn v. White, 63 Mo. 181;
Dulaney v. Rogers, 64 Mo. 201; Tootle Hosea & Co. v.
Lysaght & Co., 65 Mo. App. 141; Bank v. Hutton, 224
Mo. 72.  (3) Fraud will not be presumed.  When a
transaction under consideration consists as well with
honest and fair dealing as with fraudulent purpose,
it will be referred to the better motive.  Avery Co. v.
Powell, 174 Mo. App. 632; Garesche v. McDonald, 103
Mo. 1; Smith v. Bank, 120 Mo. App. 544; Schaaf v.
Fries, 77 Mo. App. 360; Bank v. Hutton, 224 Mo. 72.

ROBERTSON, P. J.—This is an action for fraud
and deceit.  A jury trial resulted in a directed verdict
for defendant and plaintiff has appealed.

The plaintiff, seventy years of age, who could
neither read nor write, but a successful business man,
in October, 1912, contracted to sell to Frank Drum, for-
ty-eight head of cattle and drove them about seven

miles to Ellisnore in Carter county where they were placed in a stock pen. The defendant, the cashier of a bank at that town at which bank the plaintiff did business and in which he was a stockholder, was at the stock pens examining the cattle but left there before plaintiff and Drum. The defendant went to his bank and soon thereafter plaintiff and Drum also went there and the plaintiff's testimony discloses that Drum and the defendant were in consultation at the bank about fifteen minutes after which Drum and the plaintiff stepped outside of the bank and Drum gave the plaintiff a check upon the Williamsville State Bank, located at Williamsville about fourteen miles from Ellisnore, for the purchase price of the cattle. At that time there was no telephone or telegraph line in operation between Ellisnore and Williamsville. The plaintiff immediately took this check into the defendant and says: "Mr. Massy, is this check good?" To which the defendant replied that it was as good as gold; that he could pay him the money on it; that defendant took the check and wrote out a deposit slip; stated that the bank owed him the amount of the check and afterwards proposed a loan for the plaintiff. The cattle were on that day delivered to Drum, the check was sent by the bank in its usual course for collection but was protested, returned to the defendant's bank and plaintiff's deposit reduced by the amount of the check. The plaintiff admitted that he, after getting this check from Drum and before he delivered his cattle, inquired of another party in Ellisnore if "Mr. Drum's check was good." The defendant testified that he had no connection whatever with Drum, had no interest in and realized no benefit from Drum's transactions with the plaintiff, had no conference with Drum relative to the transaction and that he was at the stock pen for the purpose of purchasing a cow and that he had no conference with Drum in the bank as testified to by the plaintiff. The defendant maintains that there

was no fraud on his part and that plaintiff cannot recover, even on his own theory, by reason of section 2785, Revised Statutes 1909, copied in the opinion in the case of McKee v. Rudd, infra.

The plaintiff seeks to maintain the action on the theory that the statute has no application in cases of fraud and deceit; that the defendant is guilty of fraud and deceit in that he made statements and representations as of his own knowledge about matters upon which he had no information, and hence, the law will impute to him a fraudulent purpose; that the statements and representations were for the purpose of inducing plaintiff to accept the check instead of demanding of Drum cash and were not made for the purpose of inducing plaintiff to extend credit to Drum.

One construction which might be placed upon plaintiff's inquiry of the defendant as to whether or not the check was good is that since he could not read or write he desired the information as to whether the check was properly written and signed, and there is no question but that if this was the information desired the defendant gave him a truthful answer and is, therefore, not liable.

The only other information which the defendant could have been seeking, when he inquired if the check was good, was as to whether Drum would have money in the Williamsville State Bank on deposit to the credit of his account in an amount sufficient to pay this check when it was presented, or whether if such was not a fact if Drum's financial standing was such that payment could be enforced thereon by suit if necessary. As to the first proposition it must be said that an answer thereto could be nothing more than an expression of an opinion and a speculation which the plaintiff could have as readily made as could the defendant. On the second proposition it is equally clear that an answer could have been nothing more than a verbal representation or assurance as to the credit of Drum,

and the defendant could not be held liable by reason of our statute. [McKee v. Rudd, 222 Mo. 344, 367, 121 S. W. 312.]

But the plaintiff says that although all of what we have stated above is true yet the defendant is liable to the plaintiff for making the statement that after the check was deposited the defendant's bank was indebted to the plaintiff in a sum equal to the amount of the check, thus leading plaintiff to believe that he had the equivalent of cash to the amount of the check, when as a matter of fact that defendant had no knowledge as to whether the check could be collected and that since the statement was false it must be held to be fraudulent, citing Hamlin v. Abell, 120 Mo. 188, 199-201, 25 S. W. 519, and Leach v. Bond, 129 Mo. App. 315, 320, 108 S. W. 596. In those cases it is made a condition precedent to the rule announced there and insisted on by the plaintiff here that the statement made must not be "a matter of opinion or general assertion" and that the representations were made for the *purpose* of effecting the object and resulting in the damages of which complaint is made. The general rule laid down in those cases, as applicable to the facts therein and in the case at bar disclosed, has its exceptions.

The rule contended for by appellant applies only "in a case where one has been so oblivious of his duty, showing such a disregard for the rights of others, as to make his conduct as bad as if actuated by a desire to do wrong." [People's National Bank of Rock Island v. Central Trust Co., 179 Mo. 648, 662, 78 S. W. 618.] It is also said in that opinion (pp. 663 and 664) that the representation which a party makes as of his own knowledge must be of such facts and of such a nature as he is presumed to have personal knowledge of and is presumed to know that the person with whom he is dealing relies on him for information.

Applying that rule to the present case and undertaking to bring this defendant within the doctrine we

find that the evidence shows the nature of the transaction was such that the plaintiff was not justified in presuming that defendant had personal knowledge of the truth of the statement that his bank then owed the plaintiff the amount of the Drum check. The plaintiff knew that if the check went to protest, as it did, he was not entitled to the credit as a deposit. This was true as a matter of law and any expression of the defendant to the contrary would have been nothing more than an expression of an opinion. The consideration of this alleged representation of defendant circles back somewhat to the matter of a representation as to the credit of Drum. Plaintiff must have known that before defendant could truthfully make the statement that the deposit, or the check, was as good as cash he must have known that Drum would have that amount on credit when the check reached the bank on which it was drawn. Plaintiff must have known that defendant could not have this information.

The defendant had been cautioned about Drum before he even took his cattle to Ellisnore, he made inquiries of other parties than defendant about the check before he delivered his cattle to Drum and received no assurance that his check should be taken as cash; he knew defendant had no more information about Drum than he had himself, and he knew that he could not hold his deposit at the bank for the amount of the check, unless the check was collected. There is no testimony that defendant had any mercenary motive or evil intent about any of the statements plaintiff charges he made and we are unwilling to disturb the judgment of the trial court and thereby say that there was a showing that defendant was so oblivious of any duty to plaintiff as to authorize the question of fraud to be submitted to a jury.

The judgment is affirmed.

*Farrington* and *Sturgis, JJ.,* concur.