[Civ. No. 3630. First . Appellate District, Division One.—April 25, 1921.]

## JOE HAGEMAN, Appellant, v. C. W. COLOMBET, Respondent.

[1] BROKER'S COMMISSIONS—EXCHANGE OF REAL ESTATE—ALTERATION OF INSTRUMENTS—FRAUD—PAROL EVIDENCE.—In an action to recover a commission alleged to be due for effecting an exchange of real estate, where the defendant asserted that the agreements upon which the plaintiff relied did not show the true contract, but that they had been fraudulently altered in material respects by the plaintiff after execution, evidence of the verbal negotiations between the parties was properly admitted for the purpose of ascertaining the real nature of the transaction between them,

[2] ID.—FRAUD OF AGENT—LOSS OF RIGHT TO COMMISSION.—The right of an agent to recover a commission for effecting an exchange of real property is lost where he deliberately sets about to force his principal to pay more to the other party than such party is willing to accept in order that he might enrich himself to that extent under the guise of collecting a commission from such other party.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. C. McComish for Appellant.

Owen D. Richardson and J. B. Peckham for Respondent.

WASTE, P. J.—The plaintiff brought this action to recover the sum of $1,250, alleged to be due as a commission for effecting an exchange of real estate. The trial court held that the transaction was so tainted with fraud on the part of the plaintiff as to preclude a recovery, and gave judgment for the defendant. The plaintiff appeals.

[1] The appellant rested his right to recover upon certain writings signed and approved by the respondent. The respondent asserted that the agreements produced by appellant did not show the true contract, but had been fraudulently altered in material respects by the appellant after execution. During the course of the trial the court admitted, over the objection of appellant, evidence of verbal negotiations between the parties, for the purpose of ascertaining just what the parties had agreed to, and what was the real nature of the transaction between them. The evidence was properly admitted. In case of fraud no mere form of words of which the parties have made use can shut out inquiry as to the real facts. (*Brison* v. *Brison*, 75 Cal. 525, 533, [7 Am. St. Rep. 189, 17 Pac. 689].) While the testimony is conflicting in material matters, certain facts appear which, with the inferences to be drawn therefrom, are amply sufficient to support the judgment. The respondent engaged the appellant, a real estate broker, acting as his agent only, to effect an exchange of respondent's apartment house and property in San Jose for the ranch property of E. J. Lee, near Watsonville, upon conditions set out in a written offer signed by respondent.

One of the terms of the exchange contained in the offer when it was signed by respondent was the payment by respondent to Lee of the sum of $5,000 cash, in addition to the other expressed consideration. The respondent testified that there was no provision in the offer at that time as to the payment of a commission to appellant by either Lee or the respondent. The appellant took this offer to Lee, who was willing to make the exchange upon the terms offered by respondent, and induced Lee to pretend that he would not close the deal unless respondent paid him $7,500 cash, instead of $5,000 cash, as the offer stood, and to further agree to pay the additional $2,500, thus obtained from respondent, to appellant as a commission for making the exchange. Lee agreed to the plan and appellant, in the absence of respondent and without his knowledge or consent, altered the written offer already signed by respondent to read "$7,500 gold coin," instead of "$5,000 gold coin," as the amount respondent should pay in cash to Lee. He also inserted a stipulation that Lee should pay appellant a brokerage fee of $2,500, and that respondent should pay him a like fee of $1,250 for making the exchange. Lee then signed the altered agreement. Appellant then represented to respondent that Lee would not make the exchange unless he was paid $7,500 cash. Being anxious to consummate the deal, and believing the representations, respondent turned over to appellant $7,500, of which sum he paid Lee $5,000 only, retaining the balance of $2,500 for his purported commission. He later divided this amount with agents who represented Lee in the transaction. In this action he is seeking to recover $1,250 additional from respondent.

[2]   There is other evidence of the dealings between appellant and respondent and of the details of the entire transaction. But we think we have recited enough to show the nature of the fraud and bad faith, and the element of concealment on the part of appellant which characterized his dealings with the respondent. In all cases it is permissible to prove fraud by circumstances. In aid of the direct facts proved, legitimate inferences are permitted to be indulged in to establish other facts not directly in evidence. (*Maxson* v. *Llewelyn*, 122 Cal. 195, 198, [54 Pac. 732].) Little need be supplied in this case, however, in addition to the

facts proved. If the appellant was acting solely as agent for respondent, as the court found, he was bound in the exercise of the utmost good faith to use every endeavor to make the best bargain fairly obtainable for his principal. He admitted on the stand that he "was to make the best deal possible" for respondent. When he deliberately set about forcing respondent to pay $2,500 more to Lee than Lee was willing to accept in the exchange, in order that he might enrich himself to that extent under the guise of collecting a commission from Lee, he was guilty of such bad faith that his right to compensation from respondent was lost. (9 Corpus Juris, 566, and cases cited.)

Appellant was undoubtedly endeavoring to act in the matter of the exchange of properties for both Lee and the respondent, without respondent's knowledge or consent. The lower court also found that during the course of his employment by respondent, and without his knowledge, the appellant entered into a secret agreement with the agents of Lee to pay them one-third of any commission he might receive for making the exchange. He was not a mere middleman whose duty was ended when he brought appellant and respondent together. He was acting in a supposed confidential, advisory capacity for the respondent, who relied upon his advice and assistance. For these reasons, also, he was not entitled to recover in this action. (*Clark* v. *Allen*, 125 Cal. 276, 278, [57 Pac. 985]; 9 Corpus Juris, 568, 571.)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.