[Civ. No. 3829. Second Appellate District, Division Two.—June 20, 1923.]

JOSEPH CHAIN, Respondent, v. H. C. KATZE et al., Appellants.

[1] BROKER'S COMMISSIONS—FRAUD—BAD FAITH—LOSS OF COMPENSATION.—A real estate broker who is guilty of fraud in the execution of his agency, or is not faithful to his trust, loses his right to compensation.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons & Aldrich for Appellants.

Kaye & Siemon and L. E. Nathan for Respondent.

FINLAYSON, P. J.—Plaintiff brought this action for an accounting, alleging that defendants, whom he had employed as brokers to represent him in the purchase of certain real property, had been guilty of fraud in the execution of their agency and that they had wrongfully converted to their own use certain moneys with which he had

---

1. Fraud and secret dealings of real estate broker as affecting commissions, note, 45 L. R. A. 33.

entrusted them. Plaintiff recovered judgment and defendants have appealed.

Substantially the following facts are shown by the evidence or were found by the trial court: Defendants, who are real estate brokers, were employed by plaintiff as his agents to negotiate for the sale to him of certain real property in the city of Bakersfield owned by one Chin Yen and upon which was situated a hotel. After accepting the employment defendants, for the purpose of cheating and defrauding plaintiff, denied that they had been employed as the latter's agents to negotiate for the sale of the property to him and claimed that they themselves had bought the property from Chin Yen and that they were reselling it to plaintiff as his vendors; and in furtherance of their purpose to defraud they falsely and fraudulently represented to plaintiff that the purchase price of the property was $34,000, when as a matter of fact it could be and was purchased from the owner, Chin Yen, for $31,000, as defendants well knew. By reason of this treacherous conduct on the part of his trusted agents plaintiff was induced to and did pay to them certain sums of money aggregating $3,159.10. The sums expended by defendants in their negotiations with Chin Yen, including their personal expenses, amounted to $2,928.50, which amount, when deducted from the $3,159.10 so paid by plaintiff to defendants, left a balance of $230.60, for which plaintiff recovered judgment.

Though crediting defendants with certain items of expense incurred by them in the course of their employment, such as traveling and telephone expenses, the trial court refused to allow them the commission to which they claimed they were entitled as compensation for services performed by them in negotiating for the property. There was evidence tending to show that in the community where this transaction occurred five per cent of the selling price is generally considered to be a reasonable compensation for services honestly and faithfully performed by a broker in successfully negotiating for the sale of real property to his principal. Had the court allowed such compensation in this case the defendants would have received an additional credit of $1,550, which would have left a balance

in their favor of $1,319.40, instead of a balance against them of $230.60, as found by the court.

[1] Appellants do not question the correctness of those findings whereby the court found that they had been guilty of fraud in the execution of their employment as respondent's agents. The sole point urged by them is that the court erred in not crediting them with a reasonable compensation for their services in negotiating for the sale of the hotel property to plaintiff. The contention lacks merit. This rule is so general as to be trite that if a broker is guilty of fraud in the execution of his agency, or is not faithful to his trust, his right to compensation is lost. (9 C. J., p. 566; *Hageman* v. *Colombet*, 52 Cal. App. 350 [198 Pac. 842]; *Harrison* v. *Craven*, 188 Mo. 590 [87 S. W. 962].)

The judgment is affirmed.

Works, J., and Craig, J., concurred.