[Civ. No. 3830.  Second Appellate District, Division Two.—June 20, 1923.]

CHARLES COHN, Appellant, v. JOSEPH CHAIN et al., Respondents.

[1] BROKER'S COMMISSION—FRAUDULENT BREACH OF TRUST—FORFEITURE OF COMPENSATION.—Where real estate brokers employed to negotiate for the sale to their principal of certain real property repudiate their agency, purchase the property themselves, and then resell it to their principal, misrepresenting to him the amount necessary to meet the purchase price and take care of incidental expenses, they forfeit all right to compensation for their services.

APPEAL from a judgment of the Superior Court of Kern County.  T. N. Harvey, Judge.  Affirmed.

The facts are stated in the opinion of the court.

---

1. Fraud and secret dealings of real estate broker as affecting their commissions, note, 45 L. R. A. 33.

Emmons & Aldrich for Appellant.

Kaye & Siemon and L. E. Nathan for Respondents.

FINLAYSON, P. J.—Plaintiff, as the assignee of H. C. Katze and L. G. Helm, brought this action on a non-negotiable promissory note for the principal sum of $1,660, and to foreclose a mortgage given to secure its payment. The note and mortgage were executed by defendants, as makers and mortgagors, to Katze and Helm as the payees and mortgagees. Defendants' answer alleges that the note was given without any consideration therefor and that it was fraudulently procured by the payees. Judgment passed for defendants and plaintiff appeals.

The facts of this case are closely related to those involved in *Chain* v. *Katze et al., ante,* p. 615 [217 Pac. 578], and grow out of the same transaction. [1] The payees, who had been employed by the defendant Joseph Chain as real estate brokers to negotiate for the purchase by him of certain hotel property in the city of Bakersfield, fraudulently represented to the latter that the purchase price was $34,000, whereas its price was but $31,000. Moreover, plaintiff's assignors, in furtherance of their scheme to defraud these defendants, repudiated their agency as such real estate brokers employed to negotiate for the sale of the property to their principal and represented to him that they themselves had purchased the property and were reselling it to him. By reason of this fraudulent breach of trust the defendant, Joseph Chain, to complete the sum which he was led to believe would be necessary to meet the full amount of the misrepresented purchase price and to take care of certain incidental expenses, gave to Katze and Helm the promissory note in question, executed by himself and wife. The trial court, having found the facts in defendants' favor, entered a judgment canceling the note and mortgage.

Appellant urges that his assignors should have been allowed a reasonable compensation for their services as brokers in negotiating for the purchase of the hotel property. This sum, they claim, should be five per cent of the actual selling price, i. e., five per cent of $31,000. Had the trial court allowed Katze and Helm this sum for their

services in bringing about the sale of the property to their principal there would have been a balance due to them from Joseph Chain amounting to $1,319.40; and it is claimed that to this extent at least there was a valuable consideration for the note. This is the sole point made on this appeal. 'On the authority of *Chain* v. *Katze et al., supra,* it must be held that Katze and Helm, because of their faithlessness in the execution of their agency as real estate brokers employed by Joseph Chain to represent him in the purchase of the hotel property, forfeited all right to compensation for their services.

The judgment is affirmed.

Works, J., and Craig, J., concurred.