[Civ. No. 9789. First Appellate District, Division Two.—November 6, 1935.]

SOPHIE W. CUTLER, Respondent, v. T. A. BOWEN et al., Appellants.

Horace W. B. Smith and Theodore Tamba for Appellants.

Arthur L. Shannon for Respondent.

NOURSE, P. J.—Plaintiff sued the defendants Bowen and Bartell in damages for fraud and joined the Fidelity Company as surety on their bond given under the California Real Estate Act. The cause was tried with a jury and plaintiff had a verdict and judgment against the brokers for $2,300 and against the surety for $2,000, which was the full amount of the bond. All the defendants appeal.

Plaintiff was the owner of ranch property near Orland which was subject to three deeds of trust—one a second lien on the east half of the property in the sum of $1900 which was known as the "Clark deed". This property was traded to one Tweedt for an apartment house in Oakland through the efforts of the defendant brokers. As a part of the trade Tweedt agreed in writing to assume all the indebtedness on the Orland property and plaintiff agreed to and did pay $10,000 in cash. Tweedt failed to pay off any of the indebtedness and the first deeds of trust were foreclosed without any deficiency judgments against the plaintiff. This, however, extinguished the second, or Clark, deed of trust.

While negotiations for the exchange of the properties were being conducted, but without the knowledge of Tweedt or of the brokers, the plaintiff negotiated with Clark for the sale of his deed of trust and paid to Clark the sum of $1,000. In the proration on the exchange the sum of $565.14 was found payable from the plaintiff to Tweedt in addition to the $10,000 paid in the exchange. Though this sum was payable in cash it was credited on the Clark note at the request of the plaintiff. The demand of the plaintiff in this action is for the full sum of the Clark note—$1900—and the sum of $1,000 representing the commission allowed the brokers out of the $10,000 cash payment.

The judgment must be reversed for these reasons: The demand for damages rests on the allegations that the brokers represented to plaintiff that their client "was financially responsible and was able, and intended, to pay and discharge all of the indebtedness and encumbrances on said Orland property within a period of sixty days"; that said brokers represented that they *would cause* all of said indebtedness to be paid either by refinancing the same or by causing the same to be paid out of the $9,000 cash payment to Tweedt;

and that said Tweedt would immediately move to said ranch and farm, care for, and maintain it.

In her effort to prove these allegations respondent relied wholly on oral testimony which was specifically contradicted by the appellants. All the evidence relating to the assurances of Tweedt's financial standing was inadmissible under section 1974 of the Code of Civil Procedure. The language of this section requires no interpretation. It reads: *"Representation of credit by writing.* No evidence is admissible to charge a person upon a representation as to the credit of a third person, unless such representation, or some memorandum thereof, be in writing, and either subscribed by or in the handwriting of the party to be charged."

In a case identical with the case at bar in pleading the court in *Carr* v. *Tatum,* 133 Cal. App. 274 [24 Pac. (2d) 195], made a careful review of the cases involving a similar rule of the common law and found that the weight of authority supported a strict interpretation of the section without exception as to persons in a confidential relation or whether the representation was made honestly or in bad faith. The clear and unequivocal language of the section compels the holding that all this oral evidence was inadmissible. The objection was first raised by demurrer to the complaint as was done in the Carr case. The error was emphasized by an instruction that the representation was actionable. It should be said, however, that it does not appear that the Carr case was at any time called to the attention of the learned trial judge. In some other jurisdictions an exception had been made to the rule if a confidential relation existed and the respondent contended for that exception here. This was expressly rejected in the Carr case where the court held that a complaint in almost identical language did not state a cause of action.

█ To avoid the doctrine stated in *Carr* v. *Tatum, supra,* the plaintiff contends she pleaded several false representations other than the misrepresentation of the credit of Tweedt. An examination of the complaint discloses that it made four separate attempts to plead the one misrepresentation, but it was insufficient as a pleading of even one false representation and that the proof was wanting in the same particulars. █ Ordinarily promises to be performed in the future, even though false, are not actionable. But if made with no in-

tention of performing them the rule is different. (*Lawrence* v. *Gayetty,* 78 Cal. 126 [20 Pac. 382, 12 Am. St. Rep. 29]; *Rogers* v. *Harris,* 76 Okl. 215 [184 Pac. 459]; *Corbin Co.* v. *Preston,* 109 Or. 230 [212 Pac. 541, 218 Pac. 917]; *Papanikolas* v. *Sampson,* 73 Utah, 404 [274 Pac. 856].) In such cases, however, as *Lovell* v. *Dotson,* 128 Wash. 669 [223 Pac. 1061], fraudulent intent at the time the promise is made is the gist of the action. (*Papanikolas* v. *Sampson, supra.*) The person making the charge must prove it. (*McCarthy* v. *White,* 21 Cal. 495 [82 Am. Dec. 754].) Direct proof is not required but it may be inferred. But the record must contain facts on which to base said inference. (Sec. 1960, Code Civ. Proc.; *People* v. *Nitta,* 17 Cal. App. 152 [118 Pac. 946]; *Ryder* v. *Bamberger,* 172 Cal. 791, 799 [158 Pac. 753]; *Williams* v. *Spazier,* 134 Cal. App. 340, 349 [25 Pac. (2d) 851].)

The plaintiff was also bound to prove that the alleged false representation was *material* to the contract of exchange. To do that means that she was bound to prove that if the representation had not been made the contract of exchange would not have been made. (Civ. Code, sec. 1568.) But there is no evidence to that effect in the record.

The prejudicial effect of the inadmissible evidence and the instruction upon it is unmistakable. The respondent alleged and testified that she relied on the representations as to Tweedt's credit and there is no credible evidence that she relied on any other representation or promise of the brokers *independent of that.* Thus all the alleged misrepresentations and promises, including the promise that Tweedt would move to the ranch and farm it, are so closely interwoven with the matter of Tweedt's credit that it is impossible to say that the evidence relating to the latter did not affect the verdict.

The judgment must be reversed for another and independent reason. The jury was instructed that if the brokers were guilty of fraud they were not entitled to any compensation and that plaintiff would then "be entitled to recover, as part of her damages, the $1000 paid by her to said defendant brokers as a commission". The instruction was based upon a statement in *Cohn* v. *Chain,* 62 Cal. App. 617 [217 Pac. 579], and is defended by citations to *Anderson* v. *Geo. L. Barney Co.,* 1 Cal. App. (2d) 340 [36 Pac. (2d) 717], and *Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 561 [126 Pac. 351, 42 L. R. A. (N. S.) 125]. The Anderson case was

an action for secret profits obtained by agents in a real estate exchange. Though plaintiff recovered the commission paid as part of her damages the question of law involved is not mentioned in the opinion. The Barron Estate Co. opinion touches this subject in the brief statement found on page 578 reading: "it is at once apparent that the allegation that defendants received seventy thousand dollars by way of commissions for services procured through fraud *and of no value to plaintiff*, would, upon adequate proof, entitle it to a recovery in this amount". *Cohn* v. *Chain, supra,* was an action upon a promissory note given in payment of a commission to brokers for the sale of real estate. The suit was defended upon the ground of the brokers' fraud in the transaction. No question of damages was involved. In denying recovery upon the note the opinion carries the statement that, because of the faithlessness in the execution of the agency, the brokers "forfeited all right to compensation for their services". This case cited as authority *Chain* v. *Katze,* 62 Cal. App. 615 [217 Pac. 578], which rested on the authority of *Hageman* v. *Colombet,* 52 Cal. App. 350 [198 Pac. 842]. The latter case was also a suit by an agent to recover a commission in a real estate exchange. The court held that the whole transaction was so tainted with fraud through which the defendant lost far more than the amount of the commission sued for that plaintiff should not be permitted to recover.

In the comparatively recent case of *Darrow* v. *Houlihan,* 205 Cal. 771 [272 Pac. 1049], the Supreme Court had an action by a broker to recover a commission which was defended on the ground of fraud in the transaction. The court there said that proof of fraud alone "does not necessarily prove fatal to the plaintiff's recovery". (Page 775.) It was further said that, so far as might appear, the defendant might have gained all that she bargained for. This all followed the statement that: "It is equally well settled, however, that fraud, unproductive of injury, 'will not justify a rescission nor support an action either for rescission or damages . . . ' (*Spreckels* v. *Gorrill,* 152 Cal. 383, 388 [92 Pac. 1011, 1014].)'' (Page 774.)

This expresses the true principle involved in the whole controversy. If the suit is by the broker or agent to recover a commission and the entire transaction has been so tainted with fraud that there is a failure of consideration then the courts

may deny any recovery. But when the suit is against the broker or agent in damages for fraud the recovery must follow proof of the damage sustained. This follows from section 3358 of the Civil Code, which reads in part: "Notwithstanding the provisions of this chapter, no person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides, . . . "

Hence the language of the instruction to the jury that "if you find . . . that the defendant brokers were guilty of fraud in the execution of their agency, then they were not entitled to any compensation for their services . . . " was too broad. The respondent had the election to rescind the contract of exchange and sue for the damages or to affirm the contract and sue for the fraud. She chose the latter and must stand by her election. The commission was a part of the contract which she affirmed. It was therefore incumbent upon her to prove her damage. For all that appears she profited by the exchange beyond the amount of the commission paid. But she did not by either allegation or proof make any case for the recovery of the commission or of any part of it.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.