[Civ. No. 16764.   Second Dist., Div. Three.   July 5, 1949.]

RUDOLPH F. BARON et al., Appellants, v. HAROLD
LANGE et al., Respondents.

John W. Holmes and Kenneth A. Millard for Appellants.

Robert F. Diekman for Respondents.

VALLÉE, J.—In an action for damages for fraud and deceit, plaintiffs appeal from a judgment entered following an order sustaining, without leave to amend, the demurrer of defendant E. J. Lange to the second count of plaintiffs' amended complaint, after plaintiffs had informed the court they could amend no further. The demurrer of defendant Harold Lange to the amended complaint was overruled.

Harold Lange is the son of E. J. Lange. On April 3, 1947, Harold purchased from plaintiffs a one-third partnership interest in a business owned and operated by plaintiffs, giving in payment a promissory note in the sum of $20,000, due September 27, 1947. On September 30, 1947, plaintiffs filed this action against defendants. The amended complaint is in two counts. The first count is directed only against defendant Harold Lange. The second count, directed against both defendants, is one for damages for fraudulent misrepresentations.

The second count alleged that on March 31, 1947, Harold was unemployed and a financial burden and responsibility to his father, who was anxious and desirous of securing a gainful occupation for his son, and that the representations hereinafter appearing were made to accomplish this desire and for his own benefit. On March 31, 1947, Harold offered to purchase a one-third interest in the business owned by plaintiffs for $15,000. The offer was accepted upon condition that the purchase price be paid in cash. Defendants represented to plaintiffs that Harold was the beneficiary of a trust amounting to more than $500,000, the principal of which would be payable to him at the age of 35 years; that the trustees thereof were defendant E. J. Lange and Harold's mother and aunt; and that the trustees were empowered in their discretion to distribute $15,000 to Harold immediately for the purchase of a one-third interest in plaintiffs' business. Harold then gave plaintiffs his personal check, dated April 1, 1947, which was duly presented to the bank on that day and payment refused "for lack of sufficient funds." On April 2, 1947, defendants repeated the representations and further represented that E. J. Lange and Harold's mother were in favor of the distribution but that their attorney desired further information, which information was supplied by plaintiffs.

It further alleged that on April 3, 1947, Harold informed plaintiffs that the attorney had decided no funds could be dis-

tributed from the trust at that time; that the trustees were empowered in their discretion to distribute to him accumulated income in excess of $180,000 on September 27, 1947, his 29th birthday, and offered to give plaintiffs for a one-third interest in the business his promissory note due September 27, 1947. Plaintiff Baron then accompanied Harold to his father's office, at which time E. J. Lange repeated the representations just made regarding the power of the trustees to distribute accumulated income to Harold on his 29th birthday, and promised plaintiff Baron that *"if plaintiffs would accept the promissory note of defendant Harold Lange in payment for said interest in said business payable September 27, 1947, he, defendant E. J. Lange, his wife and his wife's sister, as trustees of said trust . . . would distribute to defendant Harold Lange on September 27, 1947, accumulated income from said trust in an amount sufficient to enable payment of said note."* (Italics added.) Plaintiffs accepted Harold's note for $20,000 in reliance upon the promises and representations and Harold became the owner of a one-third interest in the business.

The second count further alleges that in making the promises and representations defendants intended that plaintiffs should rely thereon in accepting the note in lieu of cash and that plaintiffs would not have accepted the note but for the making of them; that all of the promises and representations were, and known by defendants to be, false and were made with no intention to perform; that there was no trust in existence nor any accumulated income with which to pay the note. On May 14, 1947, Harold informed plaintiffs that there was no trust and that he and his father had been untruthful "in order to acquire said interest in said business"; that Harold is insolvent and unable to pay the note; that by reason of the fraudulent misrepresentations and promises plaintiffs have been damaged in the sum of $20,000.

Defendant E. J. Lange demurred to the second count on the ground that it did not state facts sufficient to constitute a cause of action against him because the alleged oral representations made by him were "for the guaranty of a debt of another, and no evidence with respect thereto is admissible in accordance with Section 1974 of the Code of Civil Procedure." That statute provides: "No evidence is admissible to charge a person upon a representation as to the credit of a third person, unless such representation, or some memorandum thereof, be in writing, and either subscribed by or in the handwriting of the party to be charged."

The gist of appellants' argument, as we understand it, when reduced to its essential elements, is that because respondent promised that he would do something to enable Harold Lange to pay his obligation to appellants, and appellants acted in reliance upon that promise, the representation was not one as to the credit of another person. They impliedly concede that if respondent represented that said Harold Lange would receive a certain cash distribution on September 27, 1947, the representation would come within the provisions of section 1974; but that because respondent promised that he would do or cause to be done, certain things if appellants would take the action desired by respondent, the promise or representation is not within the scope of that section.

The representation allegedly made by respondent and relied upon by appellants is clearly one concerning the financial status and ability of Harold Lange to meet his debt when due and is, therefore, one relating ''to the credit of a third person.'' Being an oral representation, it comes within the purview of section 1974 and, since no evidence is admissible to charge a person upon oral representations as to the credit of a third person, it cannot be made the basis of a cause of action against him. (*Carr* v. *Tatum,* 133 Cal.App. 274 [24 P.2d 195] ; *Cutler* v. *Bowen,* 10 Cal.App.2d 31 [51 P.2d 164] ; *Beckjord* v. *Slusher,* 22 Cal.App.2d 559 [71 P.2d 820] ; 22 Cal.L. Rev. 358 ; 49 Am.Jur. § 8 et seq., p. 370 ; 37 C.J.S. § 32 et seq., p. 549.)

In determining whether a representation is within the operation of a statute such as section 1974, the intent and purpose which prompted the making of a particular representation is material. (49 Am.Jur. § 9, p. 371 ; 37 C.J.S. § 36, p. 551.) The complaint alleges that in making the representations defendants intended that plaintiffs should rely thereupon in accepting the note in lieu of cash. Where the primary purpose in making the representation is to procure credit for another, the representation comes within the purview of the statute, even though in making it the person also makes false representations concerning himself or derives an incidental benefit therefrom. (See *Brown* v. *Kimball,* 84 Me. 280 [24 A. 847] ; *Hunter* v. *Randall,* 62 Me. 423, 426 [16 Am.Rep. 490] ; *Williams* v. *Ravanna Bank,* 221 Mo.App. 887 [289 S.W. 34, 37] ; *Keene Lumber Co.* v. *Leventhal,* 71 F.Supp. 598, same case on appeal, 1 Cir., 165 F.2d 815, 820-821 ; 49 Am.Jur. § 11, p. 373 ; anno.: 9 A.L.R. 545 ; 13 L.R.A.N.S. 214 ; 1 Ann.Cas. 690.)

*Carr* v. *Tatum,* 133 Cal.App. 274 [24 P.2d 195], was an action for damages for false oral representations made with respect to the credit of a third person. A demurrer was sustained without leave to amend. The court, after an exhaustive review of the common law and cases in other jurisdictions, held that the weight of authority supported a strict interpretation of the section, that since the statute did not except fraudulent representations as to the credit of a third person, no exception could be considered by the court, and that the statute was a bar irrespective of the fact that such representations were fraudulently made with intent to deceive and defraud the plaintiffs. In holding that the representations made the basis of the action were within section 1974, Code of Civil Procedure, the court said, page 277: ''. . . the representations in question fall squarely within the requisite precedent conditions demanded by the terms of the statute for its operation. That statements made by one person to a second individual to the effect that a third person with whom the second individual was negotiating with reference to a business transaction was 'a responsible business man'; that the first person had 'looked up' the third person and found that 'he was rated A-1'; that the third person 'was a very responsible New York business man'; that he was 'financially responsible and was a man with plenty of money';—constituted representations 'as to the credit' of such third person, is so clear that it would seem a useless task to attempt to establish the correctness of such a conclusion (*Nevada Bank* v. *Portland Nat. Bank,* 59 F. 338; *Cook* v. *Churchman,* 104 Ind. 141 [3 N.E. 759]); and that the remaining allegations of the complaint regarding business activities of such 'third person' in the matter of the contemplated construction by him of 'a large apartment house', together with his ownership of 'certain property . . . worth \$25,000',—also constituted representations 'as to the credit of a third person', is attested by the language that occurs in the opinion in the case of *McKee* v. *Rudd,* 222 Mo. 344 [121 S.W. 312, 319, 133 Am.St. Rep. 529].''

*Cutler* v. *Bowen,* 10 Cal.App.2d 31 [51 P.2d 164], was an action for fraud in which the plaintiff recovered a judgment. In reversing the judgment, the court said, page 33: ''The judgment must be reversed for these reasons: The demand for damages rests on the allegations that the brokers represented to plaintiff that their client [Tweedt]''was financially responsible and was able, and intended, to pay and discharge

all of the indebtedness and encumbrances on said Orland property within a period of sixty days'; that said brokers represented that they *would cause* all of said indebtedness to be paid either by refinancing the same or by causing the same to be paid out of the $9,000 cash payment to Tweedt; and that said Tweedt would immediately move to said ranch and farm, care for, and maintain it. . . . The clear and unequivocal language of the section [Code Civ. Proc., § 1974] compels the holding that all this oral evidence was inadmissible.''

In *Beckjord* v. *Slusher*, 22 Cal.App.2d 559 [71 P.2d 820], it was held that the complaint failed to state a cause of action against defendants for fraud and deceit. The false representations allegedly made by defendants to plaintiff, and upon which he relied, were that one of two persons (the Chamberlains) substituted by plaintiff in a lease in lieu of defendants, ''had a large amount of property,'' was ''financially responsible'' to carry out the terms of the proposed lease and pay the aggregate rental provided therein of $87,000, *that defendants would lend the Chamberlains $10,000* ''without security,'' *with which to alter and improve the leased property, would insure and had insured the Chamberlains against all loss if they would enter into the transaction, and that defendants would under no circumstances permit the leased premises to close but would stand back of the Chamberlains financially.* That court held that these were representations concerning the financial responsibility and credit of a third person, and, since they were not in writing, could not be the basis of a cause of action against defendants.

It is clear from the allegations of the complaint that respondent's oral representations that Harold was the beneficiary of a trust estate worth $500,000, and that respondent and the other trustees were empowered to distribute accumulated income to Harold on September 27, 1947 (the due date of the note), were within the statute. They were made for the purpose of convincing appellants that Harold was a man of means, capable of meeting his financial obligations, and for the purpose of inducing appellants to sell an interest in their business on credit in lieu of cash. The further representation that respondent and the other trustees would cause sufficient money to be paid to Harold to enable him to meet the note when due is so inextricably interwoven with the other representations as to Harold's financial status and credit as to be unseverable therefrom, since, in effect, it is a representation

that Harold's note was good. In the Cutler and Beckjord cases the party making the representations and promises as to the credit of a third person in addition represented and promised that he would do something in order that credit be extended to the third person. (See *Hicks* v. *Steel,* 142 Mich. 292 [105 N.W. 767, 768, 4 L.R.A.N.S. 279], where it was held that an action could not be maintained upon an oral false representation that the notes of a third person were good and that he was financially responsible; *Gains* v. *Massey,* 190 Mo.App. 199 [176 S.W. 427]; *Boyd* v. *Farmers Bank,* 223 Mo.App. 442 [14 S.W.2d 6].)

We conclude that the second count of the complaint does not state facts sufficient to constitute a cause of action as to E. J. Lange and that the demurrer thereto was properly sustained without leave to amend .

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 1, 1949. Carter, J., and Traynor, J., voted for a hearing.