[Civ. No. 18563. Second Dist., Div. One. Mar. 31, 1952.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Plaintiff, v. WESTERN UNITED CONSTRUCTORS, INC. (a Corporation) et al., Defendants; NANDO MIGLIETTA et al., Appellants; GEORGE E. CHARLAN et al., Cross-Defendants and Respondents.

S. L. Kurland for Appellants.

Mitchell, Johnson & Bates, Elbert J. Sheffield, Anderson, McPharlin & Conners and Arthur E. White for Cross-Defendants and Respondents.

HANSON, J. pro tem.—The decisive question in this case is whether oral misrepresentations alleged to have been made by the cross-defendants for their own benefit and not that of a third person to induce the loan of money to such third person are or are not actionable in view of a statute of this state which provides that evidence with respect to oral misrepresentations as to the credit of a third person are not admissible in evidence.

The trial court sustained demurrers, general and special, interposed by the cross-defendants, who are respondents here, without leave to amend and entered its judgments accordingly.

The second cross-complaint here involved is a blanket indictment aganst all the cross-defendants named in that it charges each one of them with having made all of the representations alleged notwithstanding it is clear from the language of the cross-complaint taken as a whole that the representations, if in fact made, were made by only one of the cross-defendants. The endeavor, so often made, to charge under oath all persons involved in a group transaction with the selfsame offense in order to bring them all to a trial on the merits is becoming altogether too commonplace. We need not elaborate on the point here as it did not succeed in the trial below and likewise is unsuccessful here.

The cross-complaint, stating its allegations most favorably to the pleader and ignoring the numerous conclusions therein, avers that the respondents with intent to defraud made certain oral misrepresentations to the appellants concerning the financial responsibility of a third person—a construction company—and that in reliance thereupon and the promise of the respondents that any moneys provided by appellants would be used by the company only for certain purposes the cross-

complainants supplied the moneys and sustained a complete loss thereof. It is further averred that the respondents did not intend that the moneys should be used for the purposes represented by them, but instead that it should be used to liquidate the debts and liabilities of the company directly beneficial to the respondents and that this fact was concealed by them from appellants.

Assuming, without deciding, that the cross-complaint states a cause of action for fraud at common law, we are at once confronted with the provisions of section 1974, Code of Civil Procedure, which reads as follows: "No evidence is admissible to charge a person upon a representation as to the credit of a third person, unless such representation, or some memorandum thereof, be in writing, and either subscribed by or in the handwriting of the party to be charged."

The foregoing statute is patterned in part upon Lord Tenterden's Act (9 Geo. IV, c. 14, § 6) which was enacted in England in 1828 to obviate the decision in *Pasley* v. *Freeman* (1789), 3 T.R. 51, wherein it was held that the existing English statute of frauds did not apply to a deceitful misrepresentation concerning the credit of a third person. The English statute of frauds as amended by Lord Tenterden's Act expressly makes "misrepresentations as to another person's 'character, conduct, credit, ability or trade or dealings,' . . . not actionable unless made in writing and signed by the party to be charged." (5 Williston on Contracts (rev. ed., 1937), § 1520A, p. 4257.) Less than a dozen states including California have adopted the enactment in whole or in part. In this state and Idaho the statute by its language is limited to representations as to credit. (Williston on Contracts, *supra*.)

The cross-complainants seek to detour around the roadblock imposed by this statute by contending that it does not apply, in view of the facts alleged by them which charge that the cross-defendants did not primarily or otherwise seek a credit or moneys for the construction company, but instead sought the advancement of the moneys involved exclusively for their own selfish purposes. We fail to see that this fact, even if it be true, takes the case out of the statute. ▮ To be sure two of the dozen states mentioned, i.e., Michigan and Missouri, hold that the statute is not applicable where the parties making the misrepresentation derive a benefit therefrom, but this is not the rule in California. We think it may not be adopted here in view of the language of the statute.

To do so would involve judicial legislation. Moreover, to hold that evidence tending to show a willful intent to deceive is admissible would be to limit the application of the statute solely to negligent misrepresentations. The danger of permitting oral evidence to show intentional deceit is that it opens the gate to a finding that the deceit was intentional where in fact it was only negligent. (22 Cal.L.Rev. 358.)

In the case before us the representations were made to induce the cross-complainants to lend $25,000 to the construction company. The purpose was achieved not by a direct loan of cash by the cross-complainants to the construction company evidenced by a note from the latter to the lender, but by the execution of a note by the construction company to a bank which was indorsed or guaranteed by the cross-complainants resulting in a deposit credit to the company on the bank's books which was exhausted by checks drawn on it by the company.

A test, if not the sole test, for determining whether a misrepresentation is within the statute, is whether the representation induced the recipient thereof to enter into a transaction which resulted in a debt due to him from the third person. If so, then any benefit that accrued thereby to the person making the fraudulent representation is a false quantity—evidence of which is barred by the statute. (*Cf.* Loring, J., in *Walker* v. *Russell*, 186 Mass. 69 [71 N.E. 86, 1 Ann. Cas. 688].)

The allegations to the effect that the cross-defendants promised to so control and apply the funds, once they were provided by the cross-complainants to the construction company, that they would not be diverted contrary to the representations made by the cross-defendants equally fails to state an actionable cause of action for the reason that it was made orally and not in writing as required by Code of Civil Procedure, section 1974.

Necessarily the claim that the cross-defendants conspired to effectuate their misrepresentations, concealments and promises adds nothing to their want of liability. If individually the alleged conspirators are not liable, they are not liable individually or collectively by reason of their alleged conspiracy.

The most recent case, on the question before us, and which supports the conclusion here reached is *Baron* v. *Lange,* 92 Cal.App.2d 718 [207 P.2d 611] (hearing denied by the Su-

preme Court). As that case cites the controlling cases in this state and discusses many of them, it is unnecessary for us to cover the same ground.

For the foregoing reasons the judgments should be and they are affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 26, 1952.