FULLER *v.* BILZ.

1. WATERS AND WATERCOURSES—RIPARIAN RIGHTS.

The purchaser of a lot having a dedicated street between it and a lake front, along which the submerged lots are also platted, leaving a strip of land between the roadway and the water, acquires no riparian rights.

2. FRAUDS—ACTIONS—ASSIGNABILITY.

A right of action for fraudulent representations concerning land is not assignable, nor has a subsequent purchaser of the property a right of action therefor against the wrongdoer.

3. WATERS AND WATERCOURSES—LAKES—PLATS.
    Since the owner of the shore of a lake owns to the center, he
        may plat and use his submerged land to such an extent as
        will not interfere with rights which are common to all.

4. EQUITY—RELIEF—APPEAL AND ERROR.
    In a suit to quiet title to land which was admitted to belong to
        the complainant, whose original deed had been lost, and to
        other land which the defendant owned, a decree is entered,
        on appeal, as to the land owned by complainant, for the pur-
        pose of disposing of the entire controversy.

Appeal from Ottawa; Padgham, J. Submitted April
14, 1910. (Docket No. 107.) Decided June 6, 1910.

Bill by Frederick W. Fuller against Aloys Bilz and
Frederick J. Bertschy for an injunction and to quiet title
to certain land. From a decree dismissing the bill, com-
plainant appeals. Reversed, and decree entered for com-
plainant quieting title to a portion of the land.

*Walter I. Lillie*, for complainant.

*Farr & Farr*, for defendants.

About the year 1897, defendants caused to be platted a
portion of section 16, township 8 N., range 16 W., Ottawa
county. The land platted included a part of the southerly
and easterly shores of Spring Lake. This plat was not
recorded until January 9, 1901. It shows that a drive-
way or street called "Beach Drive" was laid out, 50 feet
wide, along the edge of the lake, and within a very few
feet of its margin, with a tier of lots on the south side of
said driveway facing north, and another tier of lots on
the north side of the driveway running out into the lake.
The lots on the south side of the road were 50 by 150,
those on the north side 50 by 170. The latter are for the
most part under water, and when the water is at high
stage some of them are wholly submerged to the north
line of Beach Drive. Lot 28 lies south of the drive, and
lot 54 north of the drive and immediately in front of 28.

In the year 1897, one Tillotson purchased from defendants lot 28, and received a deed therefor. He was asked by defendants not to record said deed until the plat was placed of record, and, complying with said request, his deed never was recorded, and cannot now be found. On February 19, 1901, Tillotson sold said lot 28 to David Dunlop and Frederick W. Fuller. Complainant bought Dunlop's interest in said lot on April 28, 1904. After the purchase of said lot by Tillotson, he erected, and from time to time occupied, a cottage thereon, and erected and used a small dock on lot 54. Such a dock has been erected from year to year by complainant, and used by him without protest from defendants. In the spring of 1908, defendants started to build a considerable dock on a portion of lot 54, with the intention of placing several boathouses thereon, for the use of lot owners in said plat whose property was farther from the water. The bill of complaint was filed for the purpose of enjoining the building of said dock and boathouses, and to quiet title in complainant to lots 28 and 54, upon the ground that defendants had represented to Tillotson that lot 28 fronted on the lake, and that its owner would always have an unobstructed view of the lake, and a 50-foot frontage thereon. From a decree dismissing the bill, complainant appeals.

BROOKE, J. (*after stating the facts*). It is not claimed by complainant that the defendants or either of them ever made any representations to him or to Dunlop that lot 28 carried with it the title to lot 54. At the time of complainant's purchase from Tillotson, the plat was of record, clearly showing that lot 28 did not reach at its northern extremity to the margin of the lake. According to the plat, not only the road, but a strip of ground several feet wide north of the road, lies between the northerly boundary of the land he purchased and the water. The description in his deed is "Lot 28," and a glance at the plat, of which he had constructive notice, would have shown complainant the relation of lot 28 to the shore of the lake, as

above pointed out. We are of opinion that, by virtue of his deed, he acquired no riparian rights, and no title to lot 54. If Tillotson fraudulently misrepresented the extent or location of lot 28 to complainant, and complainant, in purchasing, relied upon such representations, his action is against Tillotson, and not against these defendants. If the defendants fraudulently misrepresented the facts to Tillotson, he (Tillotson) might have proceeded against them for their fraud, but his right of action is not assignable, and did not pass to complainant by virtue of the deed from Tillotson to him. *Dickinson* v. *Seaver*, 44 Mich. 624 (7 N. W. 182); *Stebbins* v. *Dean*, 82 Mich. 385 (46 N. W. 778); *Chase* v. *Boughton*, 93 Mich. 285 (54 N. W. 44).

As owner of lot 28, fronting on Beach Drive, complainant might claim the fee to the south half of the roadway, subject to such rights as the public has obtained by dedication or user, as to the character of which the record is silent. But even extending his ownership 25 feet to the north, his land would still not reach the margin of the lake by several feet, and he could not claim riparian rights thereon. The owner of the shore owns to the center of the stream or lake, and there is no apparent reason why such owner may not plat, and use his submerged land as well as that lying above water, so long as in so doing he does not interfere with such use of the waters of the lake as is common to all. *Grand Rapids Ice & Coal Co.* v. *South Grand Rapids Ice & Coal Co.*, 102 Mich. 227 (60 N. W. 681, 25 L. R. A. 815, 47 Am. St. Rep. 516), and cases there cited.

It is urged by appellant that, in any event, the court below should have entered a decree quieting the title to lot 28 in him. Although the original deed from defendants to Tillotson to lot 28 is now lost, the answer admits complainant's ownership of that lot. It is apparent he could at any time have secured a deed thereof from defendants. The controversy was not as to the ownership of lot 28, but as to the ownership of lot 54.

In order, however, that a final disposition of the matter be now made, a decree will be entered in this court quieting the title to lot 28 in complainant, but with costs of this appeal to defendants.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.