MARTIN v. HARDY.

1. CORPORATIONS—DIRECTORS LIABLE FOR ORDINARY NEGLECT—GENERAL RULE.

General rule by which to measure degree of care and diligence required of directors of corporation is that they must answer for ordinary neglect, and by ''ordinary neglect'' is understood to be omission of that care which every man of common prudence takes of his own concerns.

2. SAME—DUTY OF DIRECTORS.

Directors of corporation conducting general store were not absolved from responsibility by committing management to one who was well experienced in the business and in whose ability and integrity they were well justified in placing unlimited confidence, but they still owed duty of exercising general supervision over his management.

On the question as to liability of directors of a corporation to the corporation, generally, see annotation in 55 L. R. A. 759.

3. SAME—DIRECTORS NOT REQUIRED TO GIVE DETAILED SUPERVISION TO CONDUCT OF BUSINESS.

   Directors of corporation conducting general store, who kept in close touch with manager and instructed him not to sell below cost and were assured by him that he was not doing so, are not guilty of negligence rendering them liable for loss suffered by reason of sales below cost during special sale; detailed supervision of sale not being required of them.

4. SAME—NEGLIGENCE NOT RESULTING IN LOSS NOT ACTIONABLE.

   Negligence, if any, of directors of corporation in failing to sooner discover that manager in annual report had made false inventory of value of merchandise on hand would not render them liable, since it did not result in any loss to corporation.

5. SAME—DIRECTOR LIABLE FOR LOSS DUE TO HIS NEGLIGENCE.

   Director of corporation who failed to attend board meetings and was wholly inattentive to affairs of corporation is personally liable for any losses corporation suffered due to such inattention.

6. SAME—NEGLIGENCE OF DIRECTOR NOT ACTIONABLE WHERE NO RESULTANT LOSS SHOWN.

   Although director of corporation was negligent in attending to his duties as director, no recovery may be had therefor, in absence of any evidence showing that such negligence resulted in loss to corporation.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted April 23, 1930. (Docket No. 74, Calendar No. 34,914.) Decided October 3, 1930.

Bill by Frank J. Martin, trustee in bankruptcy of Adam Drach Company, a Michigan corporation, against Elbert C. Hardy and others to enforce liability as directors for negligence in management of corporate affairs. From a decree against George A. Drach only, plaintiff appeals. Affirmed.

*Hilding, Hilding & Tubbs* and *George E. Brand,* for plaintiff.

*K. B. Matthews* and *David K. Tone,* for defendants.

McDONALD, J.    The defendants were directors of the Adam Drach Company, a mercantile corporation of Ludington, Michigan.    This suit was brought against them by the trustee in bankruptcy to recover damages resulting from negligence in the performance of their duties.

For many years prior to the time when the defendants became connected with this business, Adam Drach owned and conducted a general store in Ludington, Michigan.    He died in 1909.    His son, George Drach, and his widow continued the business.    In 1911 it was incorporated.    All of the stock was owned by the Drach family.    By 1921, the widow had died and George became owner of practically all of the stock of the corporation.    At that time the capital stock was increased.    The defendants became stockholders and directors.    George Drach owned a majority of the stock.    He had long experience in the business and was highly regarded in the community as a man of ability and integrity. The directors elected him manager of the corporation.    He continued as such until the business failed in August, 1924.    It is the claim of the plaintiff that the failure was due to the reckless management of George Drach and the general inattention of the directors, that the corporation sustained large losses which could have been avoided if the directors had not been negligent in discharge of the duties required of them by law.    On the hearing, the circuit judge dismissed the bill as to all of the defendants except George Drach on the theory that they were not guilty of actionable negligence in the perform-

ance of their duties as directors. As to George Drach, he found that he was guilty of malfeasance and misfeasance as director and officer and entered a decree against him for damages in the sum of $25,000. From the decree, as to Drach, neither he nor the plaintiff appealed. The appeal by the plaintiff is from the decree dismissing the bill as to the other defendants.

The facts present the question whether the directors were derelict in the performance of their duties in consequence of which the corporation suffered losses. In announcing a general rule by which to measure the degree of care and diligence required of directors of a corporation, it has been said:

"Directors must answer for ordinary neglect; and 'ordinary neglect' is understood to be the omission of that care which every man of common prudence takes of his own concerns." 2 Thompson on Corporations (3d Ed.), § 1376.

"The plain and obvious rule is, that directors impliedly undertake to use as much diligence and care as the proper performance of the duties of their office requires. What constitutes a proper performance of the duties of a director is a question of fact, which must be determined in each case in view of all the circumstances; the character of the company, the condition of its business, the usual methods of managing such companies, and all other relevant facts must be taken into consideration. It is evident that no abstract reasoning can be of service in reaching a proper solution." 1 Morawetz on Private Corporations (2d Ed.), § 552.

In the case at bar, all of the directors were outstanding business men in the city of Ludington. But, with the exception of George Drach, none of them was familiar with the methods of managing a general store such as conducted by the Adam

Drach Company. They committed the management to George Drach, who was well experienced in the business and in whose ability and integrity they were justified in placing unlimited confidence. But that fact did not absolve them from responsibility. It was still their duty to exercise a general supervision over his management. As to their duty in this respect, the rule is well stated in *Bynum* v. *Scott,* 217 Fed. 122, as follows:

"With respect to the duty of directors of a mercantile corporation, such as the Bennett Supply Company, it would seem that, if they exercised due care in the selection and employment of agents and managers, and thereafter exercised due care in overlooking and supervising such agents and employees, they are not liable for the mistake of judgment or wrongdoing of such agents.   *   *   *   It is not expected, or required, of directors of a small mercantile corporation, that they give their entire time and attention to the conduct of the business."

These defendants were elected directors in 1921. The business paid a dividend that year. The annual report showed a net profit of $4,786.58. At the close of the next fiscal year, which was on January 31, 1923, there appeared a loss of $2,891.35. This loss was the subject of much study and discussion by the directors. There had been a considerable decrease in the volume of sales. This was not due to mismanagement. The Penny store, trading in a similar line of goods, had been opened for business in Ludington during that year. This was a chain store. It was able to buy its merchandise in large volume for cash and to undersell the Drach Company. The directors made every reasonable effort to meet this competition by increasing sales and decreasing expenses. But circumstances beyond

their control made it difficult for them to make much headway. The owner of the building in which their store was located began an extensive remodeling which lasted for several months. Access to the store was made difficult by scaffolding which blocked the entrance. The situation demanded strenuous efforts on the part of the officers and directors. A special sale of merchandise was decided on. An expert in such sales was employed to assist Mr. Drach. The sale continued from September, 1923, until March, 1924. The plaintiff says the goods were sold below cost, and that the sale resulted in a loss to the corporation of $37,000, for which the defendants should be held liable. The amount is very much in dispute. We have made no computation. None is necessary because, whatever the amount, it was not the result of negligence on the part of the defendants. They instructed Drach not to sell below cost, and were assured by him from time to time that he was not doing so. A detailed supervision of the sale was not required of them. While they held no meetings during this period, they were in close touch with Drach. Director Hardy testified:

"How often I was in the Drach store I couldn't say definitely. I was there many, many times. I would say once a week perhaps. I also went to the Penny store. I talked with people as to the patronage of the different stores."

As to the special sale, we find no evidence that the defendants were guilty of any negligence that would render them liable for the loss.

The sale was continued beyond the close of the fiscal year ending January 31, 1924. Mr. Drach's annual report at that time did not correctly disclose the condition of the company. He made a false inventory in which the value of the merchandise on

hand was represented to be $55,163, which was $21,000 beyond the actual value. He deceived the directors, a fact which they did not discover until their July meeting. Plaintiff charges negligence because they did not discover it earlier. We do not think they were negligent in this respect, but, if so, it did not result in any loss to the company. The only effect of the false inventory was to conceal previous losses. The losses which occurred afterwards could not have been prevented. Nothing could be done to revive the failing business except to largely increase the volume of sales. It may be that the special sale, as conducted by Drach, hastened the day of dissolution, but for that no liability attaches to the directors. The record shows that they acted in the strictest good faith and used reasonable business diligence under the circumstances in their general supervision of the corporate affairs. In this statement we do not mean to include director Hermann. He gave no attention to the business. Having accepted a position on the board, it was his duty to attend the meetings and assist his associates in supervising the business. He did not attend any of the meetings and was in all respects wholly inattentive to the affairs of the company. He should be held personally liable for any losses which are shown to have resulted from his inattention to the business. In cases of this kind, it is not always possible to measure in dollars the losses which a negligent director could have avoided if he had been attentive to his duties. A like situation was presented in *Barnes v. Andrews,* 298 Fed. 614, wherein the court said:

"When corporate funds have been illegally lent, it is a fair inference that a protest would have stopped the loan, and that the directors' neglect caused the loss. But when a business fails from

general mismanagement, business incapacity, or bad judgment, how is it possible to say that a single director could have made the company successful, or how much in dollars he could have saved? How could anyone guess how far a director's skill and judgment would have prevailed upon his fellows, and what would have been the ultimate fate of the business, if they had?''

Defendant Hermann was negligent, but there is no evidence that his negligence resulted in any loss to the business. Therefore he may go in with the other directors against whom the record shows no actionable negligence.

The decree of the circuit court is affirmed, with costs to the defendants.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.