MASON *v.* VOGUE KNITTING CORPORATION.

1. FRAUD—RECORD—KNITTING MACHINES.
   Record supported findings of trial court in opinion denying defendants' motion to dismiss action for fraud in sale of knitting machine as to ease of learning how to operate machine, instruction promised to be given, time necessary to earn amount necessary to finance the purchase, number of machines already sold and to be sold in the area, selection of garments permitted, and excessive production over market.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  24 Am Jur, Fraud and Deceit § 278 *et seq.*
[3]  13 Am Jur, Corporations § 1088.

2. SAME—EVIDENCE—KNITTING MACHINE.

Evidence presented in knitting machine purchaser's action for fraud against vendor corporation and its directors *held*, to sustain trial court's findings of actionable misrepresentation by defendants upon denial of their motion to dismiss and sufficient to present issue of fraud to jury.

3. CORPORATIONS—DIRECTORS—SALES—FRAUD.

The delegation of corporation's sales campaign to a representative of the corporation does not absolve the directors from responsibility for public misrepresentations made to plaintiff purchaser incident to sale of the corporation's product (CL 1948, § 450.47).

Appeal from Kent; Souter (Dale), J. Submitted June 9, 1960. (Docket No. 38, Calendar No. 48,438.) Decided October 10, 1960. Rehearing denied December 1, 1960.

Case by Howard Mason against Vogue Knitting Corporation, a Michigan corporation, Henry Booke and others for fraud and deceit in sale of home-operated knitting machines. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Dilley & Dilley* (*Robert W. Dilley,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Grant J. Gruel,* of counsel), for defendants.

*Joseph W. Louisell* and *Milton S. Landau* (*Ivan E. Barris,* of counsel), for defendants on application for rehearing.

KELLY, J. Plaintiff originally brought this action in his own right and as assignee of 22 other alleged aggrieved persons. Prior to commencement of trial, the court decreed that a severance would be granted on motion of defendants and that the only case for determination was the cause of action of plaintiff Howard Mason.

This case was originally brought against defendants on 2 counts. The first count was an action of assumpsit. Count 2 was an action of trespass on the case for fraud and deceit. After the close

of defendants' proofs, plaintiff was granted a discontinuance on the assumpsit count and the case was submitted to the jury on only count 2 of the declaration containing the allegations of fraud.

At the close of plaintiff's proofs a motion was made to dismiss defendant Jack Stone on the basis that the undisputed evidence in the case showed he was neither an officer, director, nor stockholder of the corporation. This motion was granted by the court. From this order dismissing defendant Stone there is no appeal.

The jury returned a verdict in favor of plaintiff against Henry Booke and Vogue Knitting Corporation only. The jury found in favor of defendant Joyce Booke, and plaintiff does not appeal that verdict.

Appellants present 2 questions: (1) Did the evidence of fraud or misrepresentation present an issue of fact for the jury? (2) Did the evidence establish that defendant Booke participated in the alleged acts of misrepresentation or fraud, or participated in, was a party to, or acquiesced in the alleged misrepresentation or alleged fraud of the salesman Blackall?

Appellant Henry Booke was secretary, treasurer, and owner of 51% of the stock of appellant Vogue Knitting Corporation from the beginning of that corporation until February, 1958. The company had 3 directors, 2 of whom were appellant Henry Booke and Mrs. Booke.

Appellants' salesman Blackall placed the following advertisement in the Greenville Daily News:

"MRS. HOUSEWIFE!

"Interested in Making $15 to $25 Per Week?

"Do you have 10 to 15 hours per week to spare in working at home. Experience in sewing, knitting and reading patterns helpful but not necessary. If

you are interested in knowing more about this work at home—mail us your name, address and telephone number. Box R64, Galewood Branch, Grand Rapids, 4 Mich."

Appellee lives in Greenville and his wife answered the advertisement. Salesman Blackall visited the appellee and his wife at their home.

Appellant Booke testified that the salesman was not authorized to insert the advertisement in the Greenville paper as his company did not advertise in newspapers, but he also stated that he did not think the advertisement was improper and that it did not deviate in copy from post cards he had authorized to be used.

Plaintiff introduced testimony that he purchased the knitting machine after representations were made:

1. That the machine was simple and easy to operate and could be quickly learned;

2. As to production time on specific garments exhibited by the salesman and illustrated in a notebook;

3. That earnings from the operation of the machine would, from the very beginning, be more than sufficient to meet the installment payments of about $22 per month to a finance company from which plaintiff and his wife expected to borrow the money to pay for the machine;

4. That there was an inexhaustible market for handknit garments;

5. That other ladies residing in the Greenville area were at that time operating knitting machines purchased from defendant Vogue and earning from $15 to $25 a week by working only 2 to 3 hours a day;

6. That not to exceed a dozen machines would be sold in the Greenville area;

7. That Mrs. Mason would be able to make $15 to $25 a week by working 2 to 3 hours a day on the Vogue machine;

8. That a branch office of Vogue Knitting Corporation would very shortly be opened in Greenville, so that Mrs. Mason could obtain her instructions in the use of the machine, buy yarn and other supplies and sell back the production on her machine without the necessity of having to drive to Grand Rapids;

9. That defendant Vogue Knitting Corporation would at all times offer Mrs. Mason a variety of garments, any one of which she could make and resell to defendant Vogue;

10. That Mrs. Mason would be given unlimited, free instruction at times convenient to her.

Defendant Vogue Knitting Corporation received approximately $340 from appellee and agreed in writing to repurchase from plaintiff for a period of 5 years all garments knitted upon the machine which conformed with specifications prescribed by defendant Vogue.

In denying defendants' motion for judgment of no cause of action notwithstanding the verdict of the jury, the court filed a written opinion. The record sustains the following finding of the court:

"1. The operation of the machine was moderately difficult to learn.

"2. The earnings derived by Mrs. Mason from the operation of the machine were never at any time up to the minimum of $15 per week which she was told she would be able to earn. Nor were they at any time sufficient to enable her to make a finance company payment of $22 a month, except for the first month of operation, when according to her testimony she operated her machine from 25 to 30 hours per week.

"3. There was creditable evidence from which the jury could have concluded that Mrs. Mason was above average in ability to operate this machine, and that she applied herself to its operation with considerably more diligence than was necessary, according to the sales presentations, in order to produce an income of $15 per week.

"4. There were not ladies residing in the Greenville area at the time the Masons bought their machine who were earning $15 to $25 a week by the operation of the machine, except one lady, called as a witness by defendants, who resided in Belding (7 miles south of Greenville) who manufactured garments never authorized for repurchase by Vogue and sold them to outside persons in Chicago and elsewhere.

"5. Contrary to the representation made to the Masons that not to exceed a dozen machines would be sold in the Greenville area, the proofs were un-contradicted that approximately 50 machines were sold in that area. It was claimed by the plaintiff that this resulted in such excessive production of knitted garments as to destroy whatever market there might otherwise have been in the Greenville area for those garments, and in the opinion of the court, the jury would have been justified in accepting that conclusion.

"6. The plaintiff's proofs were also uncontradicted upon the point that defendant Vogue never at any time authorized the manufacture and repurchase of more than 2 garments, namely, the slipperette (exhibit 2) and the puppet mitten (exhibit 8), and these were offered successively so that there was never at any time an alternative or choice of garments which Mrs. Mason could make and resell to defendant Vogue.

"7. There was creditable evidence that the production time stated on page 12 of the salesmen's notebook (exhibit 3) as to sweaters and stoles illustrated on page 4 was considerably less than production time actually required.

"8. There was also creditable evidence that defendant Vogue did not supply the instruction in the operation of the machine which it promised.

"9. There was also creditable testimony from which the jury could have concluded that defendant Vogue was unreasonable and captious in application of its specifications as to knit goods submitted to it for repurchase, and that specifications were changed without notice to Mrs. Mason.

"10. There was ample basis upon which the jury could have concluded that it was not physically possible for an operator of one of these machines to make $15 a week, operating her machine 2 to 3 hours per day, in the manufacture and resale to defendant Vogue of the slipperette and puppet mitten. In this connection it must be borne in mind that under the terms of the contract between defendant Vogue and the plaintiff, the plaintiff and his wife were not required to discover their own sales outlets, but were entitled to rely solely upon the repurchase terms of that contract.

"11. Regarding the matter of a branch office of defendant Vogue being opened in Greenville, the proofs were inconclusive, it appearing that shortly after Mr. and Mrs. Mason bought their machine an office was opened in Greenville but remained open only 1 day and was then closed and never again reopened."

There was sufficient evidence of fraud or misrepresentation to present an issue of fact to the jury.

Appellants contend that even though this was true there was not sufficient evidence "that defendant Henry Booke participated in, was a party to, or acquiesced in the alleged misrepresentation or alleged fraud of the salesman Blackall."

Directors' responsibilities are set forth in CL 1948, § 450.47 (Stat Ann § 21.47) as follows:

"The directors of every corporation, and each of them, in the management of the business, affairs,

and property of the corporation, and in the selection, supervision and control of its committees and of the officers and agents of the corporation, shall give the attention and exercise the vigilance, diligence, care and skill, that prudent men use in like or similar circumstances."

Appellant Booke testified that he left the responsibility of directing the sales campaign to one Mr. Rosenbaum. We held in *Martin v. Hardy,* 251 Mich 413, 417:

"They committed the management to George Drach, who was well experienced in the business and in whose ability and integrity they were justified in placing unlimited confidence. But that fact did not absolve them from responsibility. It was still their duty to exercise a general supervision over his managment."

We, also, commented upon directors' responsibility in *Springman Paper Products Co. v. Detroit Ignition Co.,* 236 Mich 90, 98, 99, as follows:

"As its directors, they are presumed to have knowledge of its business and direct its policy. If they knew, ought to have known, or by the exercise of ordinary diligence in their official positions might have known of the publication of this prospectus and its contents, they are not necessarily immune because not shown to have personally participated in its issue."

In denying the motion for judgment notwithstanding the verdict, the trial court stated:

"While defendant Booke denied any knowledge of the newspaper advertisement, exhibit 1, and of the oral representations claimed by the plaintiff to have been made by defendant Vogue's salesman, Ralph Blackall, he admitted responsibility for the post card, exhibits 15 and 16, and for the salesman's notebook, exhibit 3. The representations made by all

4 media were essentially the same. * * * Having set or approved the tone or theme of the selling campaign by the post cards and the salesman's notebook, he was hardly in a position to complain if this theme was carried to prospective customers residing in this part of the State by means additional to those which he had directly and personally ratified."

We agree with the trial court, and affirm the judgment entered in the circuit court. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.