MASON v. VOGUE KNITTING CORPORATION.

1. PLEADING—MOTION TO DISMISS—TIME.

Dismissal of count of declaration, based on alleged fraud of defendants in the sale of knitting machines to plaintiff's assignors, was properly denied by trial judge where motion to dismiss, made some 2-1/2 years after filing of declaration and based on theory that plaintiff was not entitled under the assignments to prosecute the respective causes of action of his assignors, came too late, since the delay was so unreasonable as to constitute a waiver of any right to object to such count (Court Rules Nos 18, 27 [1945]).

2. APPEAL AND ERROR—QUESTIONS—WAIVER.

Issue sought to be raised on merits, having been waived, is not before the Supreme Court on appeal.

3. ACTION—CONSOLIDATION—ASSIGNED CAUSES.

The consolidation of not to exceed 5 actions of tort based on alleged fraud of defendants upon plaintiff's assignors arising out of identical representations made by defendants' representatives to the several assignors, with only a variation in the amount of damages in the various cases held, not prejudicial to defendants' rights, but the issue of actual prejudice, if any result from limited consolidation permitted, may yet be raised should it occur during the course of the trials.

Appeal from Kent; Vander Wal (John H.), J. Submitted October 11, 1961. (Docket No. 50, Calendar No. 49,260.) Decided March 16, 1962.

Assumpsit and case by Howard Mason, individually and as assignee of 22 others, against Vogue

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 395.
[2] 3 Am Jur, Appeal and Error § 871 et seq.
[3] 1 Am Jur, Actions § 92 et seq.

Knitting Corporation, a Michigan corporation, Henry Booke, and others for fraud and deceit in sale of home-operated knitting machines. After a previous order of severance, plaintiff moved for consolidation of assigned claims for trial. Defendants moved to dismiss count declaring in trespass on the case. Motion to dismiss denied and order granting limited consolidation entered. Defendants appeal. Affirmed.

*Dilley & Dilley (Robert W. Dilley,* of counsel), for plaintiff.

*Joseph W. Louisell* and *Ivan E. Barris,* for defendants.

Dethmers, C. J. (*concurring*). A statement of the facts in this case is to be found in this Court's opinion reported at 361 Mich 481, when it made its first appearance here. Plaintiff brought this suit in his own right and as assignee of 22 other persons, on his and their individual claims, all of which were of the same character, against the same defendants and arose out of like individual transactions in each instance. On defendants' motion, a severance of plaintiff's individual claim had been ordered and trial thereof resulted in verdict and judgment for him which was affirmed here on the previous appeal. This appeal presents questions touching his subsequent proceeding with his remaining claims held as assignee.

After this Court's decision on plaintiff's individual claim, he moved for consolidation for trial of all claims held by him as assignee. Defendants moved to dismiss count 2 of plaintiff's declaration sounding in tort for fraud. The trial court, by 1 order, denied defendants' motion to dismiss count 2 and granted

plaintiff's motion for consolidation to the extent of permitting not to exceed 5 claims at a time to be tried as 1 case. From that order defendants appeal.

Defendants' motion to dismiss count 2 was predicated on the proposition that causes of action for misrepresentation and fraud are personal and not assignable. For this they cite *Cochran Timber Co. v. Fisher,* 190 Mich 478 (4 ALR 9); *Grand Trunk W. R. Co. v. H. W. Nelson Co., Inc.* (CCA6), 116 F2d 823; and *Jones v. Hicks,* 358 Mich 474. These we shall presently discuss after consideration of Michigan statutory and case law background.

In *Final v. Backus* (1869), 18 Mich 218, this Court said:

"As a general rule, the right of action for a tort is not the subject of assignment. But the rule applies only to those torts which are merely personal, and which, on the death of the person wronged, die with him.

"Rights of action for such torts as survive to the personal representatives may be assigned so as to pass an interest to the assignee, which he can enforce by suit at law." (Syllabus.)

In *Stebbins v. Dean* (1890), 82 Mich 385, 388, this Court said:

"It has frequently been held by this Court that rights of action which survive are assignable. * * * It is also the settled rule in this State that actions for fraud and deceit are not assignable. * * * Now, in such cases, the right of assignment and survival to personal representatives are convertible propositions."

In 1897, by Act No 195, § 1 (CL 1897, § 10421*), the Michigan legislature authorized actions in assumpsit for recovery of damages for fraud and deceit

---

* See, currently, CL 1948, § 611.1 (Stat Ann § 27.651). For subject matter of section 2, see *post.*—REPORTER.

and, in section 2 (CL 1897, § 10422) thereof, provided for survival of such causes of action.

In 1905, this Court, in *Hicks* v. *Steel,* 142 Mich 292 (4 LRA NS 279), in holding that an assignee of a cause of action for damages produced by fraudulent misrepresentations may maintain an action in assumpsit thereon, referred to the mentioned 1897 statute and said (p 294):

"As the act provided for the survival of the cause of action, it could be assigned."

Then come *Fuller* v. *Bilz* (1910), 161 Mich 589, and *Davis* v. *McCamman* (1912), 168 Mich 587. Opinions in these cases repeated the old doctrine that a cause of action for fraud is not assignable. Both of these, however, were chancery suits, one to quiet title and the other for an accounting, to which the 1897 act had no application because it provided only for survival of actions for fraud to be brought in assumpsit. A similar case, where the action was not in assumpsit but was a chancery action to quiet title, was *Cochran Timber Co.* v. *Fisher, supra* (1916). There having been no survival at common law and none provided for by the statute of 1897, in effect at the time that case was tried, for the kind of right and relief in that case sought to be attained by defendant's cross-bill, this Court properly held (p 485) that it should be dismissed. In so doing, it based its holding on the *Fuller* and *Davis Cases.* The holdings in these last 3 cases reflected the state of the law on the subject in Michigan up to that time, although some of the language in the opinions did not.

In 1915 the judicature act, PA 1915, No 314, was adopted. Chapter 12, § 32 (CL 1948, § 612.32 [Stat Ann § 27.684]), provides, with respect to actions that survive, as follows:

"In addition to the actions which survive by the common law the following shall also survive, that is, to say, actions of replevin, actions for conversion of property, for deceit, for assault and battery, for false imprisonment, for negligent injuries to persons, for damages done to real and personal estate, and actions to recover real estate, or any interest therein, where persons have been induced to part with the same through fraudulent representations and deceit."

It will be noted that in providing for survival of actions for deceit, the 1915 act eliminated the provision in the 1897 act which had limited it to actions in assumpsit.

The mentioned Federal case, *Grand Trunk W. R. Co. v. H. W. Nelson Co., Inc., supra,* decided in 1941, expressly based its statement that under Michigan law "a mere right to litigate for fraud and nothing more is not assignable at law or in equity" on *Cochran Timber Co. v. Fisher, supra,* apparently without awareness of the 1915 change in statute law rendering obsolete the quoted language attributed to *Cochran.*

What, then, of *Jones v. Hicks, supra,* decided by this Court in 1960? Plaintiff urges that it be overruled, apparently thinking that it has upset the preexisting Michigan doctrine of the convertible relationship of survivability and assignability; that is, that an action which survives may be assigned. We think plaintiff's apprehensions in that regard unfounded. In that case the question presented was a different one, namely, whether the right, which the bankrupt had had before bankruptcy, to elect whether to pursue the property of which he claimed he had been deprived fraudulently by defendant or to seek damages therefor passed by assignment to the trustee in bankruptcy. The majority of this Court held that that right of election did not pass

to the trustee. We reaffirm the position of this Court as stated in *Final* v. *Backus, supra, Stebbins* v. *Dean, supra,* and *Hicks* v. *Steel, supra,* that rights of actions for torts which survive may be assigned, the rights of assignment and survival to personal representatives being convertible propositions. We decline adherence to any language not necessary to the decision and result reached or any construction thereof which may be of a contrary import in *Fuller* v. *Bilz, supra, Davis* v. *McCamman, supra, Cochran Timber Co.* v. *Fisher, supra,* and *Jones* v. *Hicks, supra.* The rights of action here are assignable.

Was consolidation by the court over defendants' objection proper? They cite *Blumenthal* v. *Berkley Homes, Inc.,* 342 Mich 36, as controlling. In that case, 8 veterans and their wives, as individual couples, purchased homes from defendants. Each couple brought a separate action for damages because of faulty construction of the homes and fraud and misrepresentations by defendants in the sales to plaintiffs. This Court referred to the statute, CL 1948, § 608.1 (Stat Ann § 27.591), authorizing consolidation to promote the convenient administration of justice and stated that the ordering of such consolidation is discretionary with the trial court but that it should not be ordered if either party would be prejudiced thereby. It was held that in that case prejudice to defendants would result because evidences of fraud and misrepresentations in the several cases would vary, yet the jury would hear evidence of the fraud as to one case which it should not consider as to another case, and that the jury thus would be subjected to an accumulation of evidence of fraud in all of the cases which it would not be in any one of the individual cases. In the instant case, however, the misrepresentations were contained in sales promotion literature mailed to plaintiff and his assignors and advertisements in newspapers. The

material upon which reliance is to be had in support of the claim of fraud and misrepresentation is the same and common to all of the cases. There would not be, as in *Blumenthal,* an accumulation of evidence of fraud of which only a part would have application to each individual case. Here the plaintiff would be entitled to present to the jury all the material evidence on the subject in each case which would be the same in all. Furthermore, under *Ward* v. *Cook,* 158 Mich 283; *J. B. Millet Co.* v. *Andrews,* 175 Mich 350; *Radloff* v. *Ruggles Motor Truck Co.,* 229 Mich 139; *Baloyan* v. *Furniture Exhibition Building Co.,* 258 Mich 244; and *Gower* v. *Wieser,* 269 Mich 6, the testimony of each of the victims as to the fraud and misrepresentations practiced on him by defendants would be admissible as corroborative evidence and to show fraudulent intent and a general pattern in defendants' sales promotion campaign in the neighborhood. Defendants' rights will not be prejudiced by the consolidation.

Affirmed, with costs to plaintiff.

SOURIS and OTIS M. SMITH, JJ., concurred with DETHMERS, C. J.

CARR, J. Plaintiff's declaration in this cause contained 3 counts which set forth his claim that he was entitled to recover damages from the defendants on the basis of assignments from 22 other individuals listed in the pleading. It was averred in somewhat general terms that defendant corporation was engaged in the business of selling and servicing knitting machines, with certain incidental operations, and that the individual defendants were its directors and officers. It was asserted that during the period between October 1, 1957, and March 1, 1958, defendant corporation had sold to each of plaintiff's assignors a certain type of knitting machine with accessories

and attachments, that payments for said machines had been duly made, and that the purchasers undertook to engage in the operation thereof in accordance with the instructions given.

The first count of the declaration alleged that defendant corporation had breached the contracts with plaintiff's assignors by failing to provide adequate instruction and training as agreed, by refusing to supply required materials, by failing to authorize production by the purchasers of articles that could have been profitably manufactured by them, and in certain other respects. Damages were claimed on the basis of such alleged breaches of the contracts.

Count 2 of plaintiff's pleading was based on alleged misrepresentation and fraud in the sale of the machines to the various purchasers thereof; and the third count, captioned "Common Counts", asserted indebtedness to plaintiff's assignors for work and labor performed, materials furnished, money paid to the use of defendant corporation at its request, and the failure to make payment of such sums when demanded. Said declaration was filed on June 26, 1958. On October 3d following defendants filed answer. Prior thereto it appears that a motion to dismiss the declaration on the ground that it did not state a cause of action was filed by defendants, but was not brought on for hearing before the court. A pretrial hearing was held on November 18, 1958.

With the case at issue a severance of plaintiff's individual claim, which was apparently based on an assignment to him by his wife, was granted on dedefendants' motion. The trial resulted in a judgment in plaintiff's favor, which was affirmed by this Court in *Mason* v. *Vogue Knitting Corporation,* 361 Mich 481. After said decision counsel representing plaintiff filed a motion for consolidation of the remaining claims set up in the declaration and for trial thereof. This was followed, on December 16, 1960, by defend-

ants' motion to dismiss count 2 of the declaration on the ground of nonassignability of fraud claims. The trial judge, for reasons set forth in a written opinion filed by him, denied the motion to dismiss count 2, and disposed of the motion for consolidation by granting leave for the trial of not exceeding 5 claims at 1 time. The order further specified that if counsel were unable to agree as to which claims should be consolidated the court would make the selection. From the order entered defendants, on leave granted, have appealed.

Was the trial court in error in denying the motion to dismiss count 2 of the declaration? On behalf of plaintiff it is insisted that by failure to raise the question seasonably and pursuant to the requirements of Michigan Court Rules Nos 18 and 27 (1945), defendants' objection was waived. Counsel for defendants argue that "the objection that the declaration fails to state a cause of action may be raised *at any time* during the proceeding." It may be noted in this connection that the motion to dismiss count 2 of the declaration was based on the theory that plaintiff was not entitled under the assignments given to him to prosecute the respective causes of action of his assignors, rather than on failure to allege such causes.

As above pointed out, the various causes of action accruing to said assignors were based on occurrences between October 1, 1957, and March 1, 1958. Plaintiff's action was instituted on May 27, 1958. No question was raised in the trial of plaintiff's case based on the assignment from his wife, or on the appeal thereof, that the cause of action was not assignable. Neither was the objection suggested at the pretrial hearing. The motion to dismiss, as above stated, as to the 21 other claims, was made December 16, 1960. Obviously there was an unrea-

sonable and unexplained delay in raising the question.

In *Baumgarten* v. *Tasco,* 312 Mich 161, defendants submitted a motion, over a year after the declaration was filed in the cause, seeking dismissal on the ground that plaintiff's pleading did not state a cause of action in that its averments were insufficient to properly allege negligence. The trial court denied the motion and this Court upheld such action on the ground that said motion had not been duly filed and that any defect in plaintiff's declaration (p 165) "must be considered as waived." See, also, *Wilson & Co.* v. *Franz,* 206 Mich 581; *Walters & Hemming, Inc.,* v. *Andres,* 340 Mich 628; *Corfeld* v. *Douglas Houghton Hotel Company,* 324 Mich 459, 464. In the latter decision attention was called to Michigan Court Rule No 27 (1945).

Because of the delay in the instant case in seeking the dismissal of count 2 of the declaration, defendants waived their right, if such they had, to object thereto. The trial judge so held, and we are in accord with his conclusion. This disposes of the first question raised by appellants. In view of the waiver the issue sought to be raised on the merits is not properly before us.

This brings us to the question as to the propriety of the trial court's order permitting the claims involved in the case to be tried in groups, not exceeding 5 claims in each, in order to expedite their disposition. Defendants insist that they will be prejudiced if such method of trial is permitted, and rely on *Blumenthal* v. *Berkley Homes, Inc.,* 342 Mich 36, as sustaining their position. It is insisted on behalf of plaintiff that his assignors relied on identical representations made by the corporate defendant's representatives acting in its behalf, and that the proofs as to the existence of each cause of action will establish such to be the actual fact. Apparently,

under plaintiff's theory, the elements of damage are the same in each claim and hence, inferentially, the only variation would be in the amount of recovery proved in each instance. In *Blumenthal* v. *Berkley Homes, Inc., supra,* plaintiffs had instituted separate actions, and the question involved arose because of an order consolidating them for trial upon motion submitted by the plaintiffs. Each action was based on alleged faulty construction of a dwelling house. Presumably the defects existing would vary in the houses involved. Such situation might reasonably be expected.

Each controversy of this nature must be determined on the basis of the factual situation presented. It may not be said in the case now before us that the trial of the claims of plaintiff's assignors, pursuant to the court's order, will result in prejudice to the defendants. If it develops during the course of any of the trials that the limited consolidation permitted has so resulted, the defendants may raise the question at that time and submit it to the trial court for determination.

The order from which the appeal has been taken is affirmed.

KELLY, BLACK, and KAVANAGH, JJ., concurred with CARR, J.

ADAMS, J., took no part in the decision of this case.