SAMPEER v. BOSCHMA.

1. TRIAL—PRETRIAL CONFERENCE AND SUMMARY—COURT RULES.

It may not be assumed that defendant's position in a contested nonjury case would have been prejudiced had there been insistence on compliance with the court rule relating to the holding of a pretrial conference and the furnishing of a summary by the circuit judge in a circuit which, at the time, did not maintain a pretrial calendar, but where there was a practice of compliance with the court rule upon insistence that pretrial conference be held (Court Rule No 35 [1945]).

2. SAME—WAIVER OF IRREGULARITY.

One who has knowledge of an irregularity in procedure cannot remain silent, take his chances of a favorable determination of the controversy, and afterwards, if the determination is unfavorable to him, base error upon the irregularity, as the irregularity is waived by making no objection to it until after the determination is made.

3. SAME—PRETRIAL—WAIVER OF IRREGULARITY.

The right to claim prejudicial error for nonobservance of court rule relative to the furnishing of a summary of the pretrial conference was waived by counsel by remaining silent upon its omission and proceeding to trial without such a summary having been filed (Court Rule No 35 [1945]).

4. ATTORNEY AND CLIENT—SUBSTITUTION OF COUNSEL.

Substituted counsel takes the record as he finds it and is bound by his predecessor's waiver of the right to object to the procedural course; and the party is also bound by any such waiver on the part of his attorney representing him at the trial, and may not avoid the effect of the waiver by changing counsel.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5]  53 Am Jur, Trial § 11.
[2, 3]  5 Am Jur 2d, Appeal and Error §§ 553–557.
[4]  4, 5 Am Jur 2d, Appeal and Error §§ 486–490, 553–557.
[6]  4 Am Jur 2d, Appeal and Error §§ 486–490.

5. TRIAL—PRETRIAL CONFERENCE AND SUMMARY.

The purpose of the court rule relative to pretrial conferences and summaries thereof is to facilitate the submission and trial of causes of action, particularly by clarifying and defining the material issues presented (Court Rule No 35 [1945]; GCR 1963, 301).

6. APPEAL AND ERROR—HEARING IMPAIRMENT.

Defendant's claim that his hearing impairment affected the presentation of his case to his prejudice *held*, to have been properly rejected by the trial judge under record presented on appeal.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted January 8, 1963. (Calendar No. 6, Docket No. 49,409.) Decided February 7, 1963.

Assumpsit by Elmer E. Sampeer, doing business as E. Sampeer Co., against Hessel Boschma, doing business as H. Boschma General Contractor, for labor and materials furnished on construction work in connection with installation of water mains in city of Livonia. Set-off and recoupment claimed. Judgment for plaintiff. Defendant appeals. Affirmed.

*David E. Kull,* for plaintiff.

*Theodore F. Hughes (Elmer E. Hartwig,* of counsel), for defendant.

CARR, C. J. Plaintiff started this suit by declaration filed in the circuit court of Oakland county on October 6, 1960. He alleged in his pleading that defendant was indebted to him for work and labor performed and materials furnished pursuant to contractual relations. Defendant filed answer, pleading by way of set-off and recoupment that plaintiff was indebted to him on contractual obligations in an aggregate amount exceeding any claims that plaintiff might have. Further amended and supplemental

pleadings were filed by each of the parties, the ultimate question submitted for determination being as to the validity and sufficiency of plaintiff's claims and defendant's counterclaims.

The case was set for trial on May 23, 1961, before the circuit judge without a jury. Prior to actual commencement of the trial on said date the judge and counsel representing the parties met in the judge's office and, as it is claimed, a pretrial conference was there held. It does not appear that any pretrial statement was filed or served on either party. Apparently the judge considered that counsel had waived such service. At preliminary proceedings in the courtroom, following the conference in question, both the judge and counsel for defendant made reference to the "pretrial conference." Neither attorney raised any questions because of the failure to file and serve the pretrial statement contemplated by Rule No 35, Michigan Court Rules (1945),* then in force and effect, nor was any objection made to proceeding.

Following some preliminary discussion relating to the filing of the pleadings, counsel on each side made his opening statement, proofs were introduced, and the case submitted for determination. An opinion was filed in the cause on June 12, 1961, in which the judge, after referring to certain testimony and to the claims of the respective parties to the litigation, indicated his conclusion that plaintiff was entitled to recover judgment in the sum of $4,907.61. Judgment was entered accordingly. Defendant's motion for a new trial was denied, and he has appealed, claiming that the judgment should be reversed and a new trial granted on the ground that the requirements of Court Rule No 35 with reference to pretrial procedure were not observed. It is fur-

---

* As amended. See 334 Mich xl and 352 Mich xv–xvii.—REPORTER.

ther asserted that defendant's hearing was defective, that he failed to correctly understand and answer questions propounded to him as a witness on the trial of the case, and that, because of such situation, he did not have a fair trial.

Michigan Court Rule No 35, in force and effect at the time of the trial in the instant case, contemplated that in every contested civil action a pretrial conference should be had for the discussion and determination of the specific matters set forth in the rule, and that the judge conducting such conference should prepare, file, and cause to be served upon the attorneys of record a summary of the results of the conference, with specific reference to the various items mentioned in the rule. That the procedure contemplated was not fully complied with in the instant case is conceded. No summary of the conference was prepared and served. In substance it is appellant's claim that a new trial should be granted because of such failure. On behalf of plaintiff it is insisted that counsel representing defendant waived strict compliance with the rule and that, having done so, appellant may not now claim prejudicial error.

At the time of the trial of this litigation no pretrial calendar was maintained in the Oakland circuit as authorized by the rule. It appears that the procedure here followed was in accordance with the usual practice in said circuit, and that a party insisting on a conference under the rule, prior to the date of the trial, with due service of a summary of the proceedings thereat was afforded such privilege. No claim is made in the instant case that a request of this character was made nor is it denied that counsel for defendant was at the time familiar with the local practice and conversant with his rights. It may not be assumed that defendant's position would in any way have been prejudiced had there been insistence on compliance with the rule.

Similar questions involving alleged waiver of the right to question a matter of procedure by acquiescence or affirmative expression have frequently arisen in prior cases. In *LeBeau* v. *Telephone & Telegraph Construction Co.*, 109 Mich 302, the trial judge answered a question of the jury, communicated through the court officer in charge, by a written statement which he caused to be delivered to the jury. This was done in the absence of counsel. Before a verdict was returned, however, the trial judge advised counsel on both sides as to what had occurred. Verdict having been returned for the defendant and judgment entered thereon, plaintiff on appeal raised the question as to the propriety of the method of answering the jury's question. Commenting thereon, this Court said (p 305):

"At no time prior to the rendering of the verdict did counsel for plaintiff make any objection to said communication, nor to the rendering of the verdict, nor make any suggestion to the judge upon the facts connected therewith, and the verdict was received without objection from either party or their counsel. It is urged that this is error, and the cases of *Fox* v. *Peninsular Color Works*, 84 Mich 676, 682, and *Hopkins* v. *Bishop*, 91 Mich 328, 334 (30 Am St Rep 480), are cited by counsel. In the case at issue, counsel made no objection to the course taken by the circuit judge until the verdict was rendered. It seems to be pretty well settled that, after one has knowledge of an irregularity, he cannot remain silent, and take his chances of a favorable verdict, and afterwards, if the verdict goes against him, base error upon it. 2 Thompson, Trials, p. 1976. If the action of the trial court was irregular, the irregularity was waived by making no objection until after the verdict was rendered."

Of like effect is *Silverstone* v. *London Assurance Corporation*, 187 Mich 333, 342.

If counsel for defendant in the instant case considered that the rights of his client might be prejudiced by nonobservance of the requirement of the court rule with reference to filing and serving a summary of the pretrial conference, it was his duty to raise the question at the time. He could not properly remain silent, proceed with the trial, and then claim prejudicial error if the result was unsatisfactory. Substituted counsel is obviously in no better position. He takes the record as he finds it and is bound by his predecessor's waiver of the right to object to the procedural course. Likewise, defendant is bound by any such waiver on the part of the attorney representing him at the trial. He may not avoid the effect of such waiver by changing counsel.

This Court in prior decisions has repeatedly indicated its disapproval of attempts to claim prejudicial error based on some claimed irregularity to which no objection was made at the time. Among such decisions are: *Mason* v. *Vogue Knitting Corporation*, 365 Mich 552, and prior decisions there cited; *In re Ernst Kern Company*, 365 Mich 462; *Riste* v. *Grand Trunk W. R. Co.*, 368 Mich 32, 36. We are in accord with the holding of the trial judge that the right to claim prejudicial error was waived by counsel for defendant in the case at bar. It may be noted further that it does not appear that defendant actually sustained prejudice in the course of the trial, or that he was denied a fair trial, because of the failure to completely follow the requirements of Michigan Court Rule No 35 (1945). The situation is somewhat analogous in this respect to that presented in *A & A Asphalt Paving Company* v. *Pontiac Speedway, Inc.*, 363 Mich 634, in which this Court declined to reverse because of failure on the part of the trial court to follow the procedure contemplated by the rule.

It may be noted in passing that Michigan Court Rule No 35 has now been superseded by Rule 301 of Michigan General Court Rules, effective January 1, 1963. Under the rule now in force the pretrial summary is required to be served upon attorneys of record at least 10 days in advance of trial. Under Rule No 35 there was no specific requirement imposed as to the service of the summary within any prescribed period of time prior to trial. Thus, the present rule is more specific in this detail than was the prior requirement. The purpose of said rule is obvious. It is designed to facilitate the submission and trial of causes of action, particularly by clarifying and defining the material issues presented. Parties litigant, their counsel, and the court as well, are entitled to the full benefit of a proper application and observance of the rule which was adopted with the intention that it should be observed. The duty to see that it is consistently followed rests on court and counsel alike. The intent of the rule is not open to question.

The claim advanced on behalf of appellant that his hearing impairment affected the presentation of his case to his prejudice was rejected by the trial judge, and we think properly so. From the record before us it does not appear that defendant was aware at the time that his hearing was imperfect. His counsel had not discovered any such condition, and inferentially it was not apparent to the trial judge. Defendant's testimony as set forth in the original record returned to this Court does not indicate that he had difficulty in understanding the questions propounded to him or that he made any specific misstatements because of the alleged failure to hear perfectly. The claim made in this respect is, we think, refuted by the record in the case.

The judgment of the trial court is affirmed.

Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith, and O'Hara, JJ., concurred with Carr, C. J.

Black, J. (*concurring*). I concur with the Chief Justice, yet would add a few words.

Speaking exclusively from experience at the lower level of our trial courtrooms, it is fair to observe that many suits and proceedings come daily to the attention of circuit judges with respect to which, by unanimous agreement of the trial judge and all contenders, no pretrial conference and no pretrial statement are needful for or essential to their due submission. Thus it seems to the writer that, if we are to hint or suggest that it is the duty of court and counsel to consistently follow pretrial procedure in *all* cases and proceedings, the result is bound to be compulsion—on too many occasions—of Sisyphean labor.

I would add, to our holding that one may waive his right to conference and statement under former (1945) Court Rule No 35 (now GRC 1963, 301), discreet corollary that court and counsel may agree to waive such procedure when all conclude that, to pursue it for the case or proceeding at hand, would simply lend grist to current criticism that lawyers and judges concern themselves too much with forms and too little with justice. An indispensable element of the latter is avoidance of needless motions and needless trips to the courthouse. All such cost money and waste time, as trial lawyers and their regular clients know pretty well.