MAYBERRY v. ADDISON

1. STIPULATIONS—PRE-TRIAL SUMMARY STIPULATION.

The claim that defendants' counsel made a misstatement when he said, *in camera,* that he had not been asked for the names of the patrons of a bar was not preserved for review where defendant had refused to answer plaintiff's interrogatories as to the names of any person who had knowledge of an alleged illegal sale in defendants' bar, plaintiff had moved to compel disclosure, but then voluntarily moved for dismissal of disclosure, and the pretrial summary stipulated that discovery was complete because plaintiff's stipulation at pretrial is binding.

2. TRIAL—COUNSEL'S MISSTATEMENT.

Defense counsel's misstating to the jury, in a dramshop act case, that the answer to the complaint contained details of a birthday party at the defendants' bar, the defense that the bar was being used for the party did not constitute reversible error where the misstatement was made to contradict plaintiff's claim that the birthday party defense was a recent fabrication, the defendants' pretrial depositions contained details of the party and the names of those attending it, the misstatement was not intentional, no objection was made to the remark, and no instruction to the jury was sought.

Appeal from Wayne, James Montante, J. Submitted Division 1 May 6, 1971, at Detroit. (Docket No. 10077.) Decided June 23, 1971. Leave to appeal denied, 386 Mich 761.

Complaint by Larry Mayberry against Thomas E. Addison, Blan K. Pierce and Jimmy D. Cooper,

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Stipulations § 12.
[2] 53 Am Jur, Trial § 484.

doing business as Nite Owl Bar, United States Fidelity and Guaranty Company, and others for damages from an automobile accident. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Calvin M. Gonek,* for plaintiff.

*Ralph H. Adams,* for defendants Pierce, Cooper, and United States Fidelity and Guaranty Company.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. Plaintiff Larry Mayberry brought this suit under the dramshop act alleging defendants Blan Pierce and Jimmy Cooper, owners of the Nite Owl Bar, illegally sold liquor to plaintiff's companion, William Allen, the driver of the car in which plaintiff was subsequently injured. Plaintiff appeals as of right after a denial of his motion for new trial following a jury verdict of no cause of action.

Plaintiff assigns as error two alleged misstatements by defendants' lawyer, one occurring in the closing argument, the other made to the court out of the presence of the jury. Underlying plaintiff's specific objections to the conduct of the defense is a general complaint of unreasonable surprise by the revelation at trial that a private birthday party took place at the bar the night defendants were alleged to have served plaintiff and his erstwhile friend, Allen.

Prior to trial plaintiff served interrogatories on defendants asking them to reveal the names of employees on duty the night of the accident, the names of all parties having knowledge of the alleged sale of alcohol, and a list of prospective defense wit-

nesses. When defendants did not respond, plaintiff filed a motion to compel answer to the interrogatories.

The motion was voluntarily dismissed, and the pretrial summary stipulates that all discovery proceedings were completed, with the exception of depositions of the defendant bar owners. Defendants' list of prospective witnesses was furnished pursuant to the pretrial conference.

At trial defendants reiterated their testimony taken at depositions that plaintiff and Allen were not in the bar on the night of the accident, that 20 guests celebrated defendant Cooper's birthday, and that plaintiff's testimony that he played pool in the bar was highly questionable since the pool table was used that night as a temporary dining table.

After both sides rested their case, plaintiff's counsel argued to the jury that the revelation of the birthday party was a recent fabrication. Defendants' lawyer countered by stating that the answer to the complaint contained the details of the birthday party. Review of the record reveals that to be a misstatement. However, defendants' answer did deny knowledge of the presence of plaintiff and Allen in the bar.

In chambers, defendants' lawyer stated to the court that he was not asked for the names of the patrons of the bar in response to the allegation that he had concealed witnesses. Plaintiff now argues on appeal that that was also a misstatement, that the interrogatories should have been answered, that the questions propounded asked for the names of the patrons of the bar on the night in question, and that the misstatement to the jury of the contents of the answer to the complaint warrants a new trial.

Whether or not plaintiff's interrogatories are subject to the construction that the names of all patrons

in the bar were to be furnished is academic.  Certainly a more precise question could have been framed than a general inquiry asking for the names of persons having knowledge of the alleged sale.  Whatever reasons motivated the voluntary dismissal of the motion to compel answers to the interrogatories are not evident in the record.  We consider the stipulation at pre-trial that all such discovery was completed to be binding on plaintiff.  See *Sampeer* v. *Boschma* (1963), 369 Mich 261.  Counsel may have regretted his stipulation because of later developments at trial, but post-judgment analysis does not preserve the issue for review on appeal where the alleged errors could have been prevented below.  *Baldwin* v. *Nall* (1948), 323 Mich 25; *Metz* v. *City of Bridgman* (1963), 371 Mich 586.

The misstatement committed by defense counsel that the answer to the complaint contained information regarding the birthday-party theory is more serious, but we conclude it is not so prejudicial as to require reversal.  While the statement is untrue, its obvious intent was to discount plaintiff's claim of recent fabrication and surprise.  It is clear to us that plaintiff had prior knowledge of this defense theory since pre-trial depositions of defendants Pierce and Cooper contained the details of the celebration and the names of those in attendance.  Despite the existence of authority condemning deliberate distortion of facts in final argument to the jury, both parties have failed to support their positions with applicable case law.  Whatever may be said about defense counsel's misstatement, it does not appear to be intentional.  Since no objection to the remark was made, or an instruction to the jury sought, we consider the issue improperly raised on appeal.  *Koepel* v. *St.*

*Joseph Hospital* (1968), 381 Mich 440; *Kujawski* v. *Boyne Mountain Lodge, Inc.* (1967), 379 Mich 381; *Mayo* v. *Wright* (1886), 63 Mich 32.

Affirmed. Costs to appellees.

All concurred.